**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **Curves International, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.: 2:07-cv-807-MHT** |
| **Linda S. Mosbarger,** | ) | |
| | ) | **MOTION FOR EXPEDITED** |
| **Defendant.** | ) | **DISCOVERY** |
| | ) | |

COMES NOW Plaintiff Curves International, Inc. ("Curves") and moves this Court for an order allowing it to conduct expedited discovery, including propounding the Expedited Discovery attached hereto and conducting a deposition in relation to Curves' claims for purposes of supporting its Motion for Preliminary Injunction.

This Motion is based upon Curves' Motion for Preliminary Injunction, the Brief in Support of Motion for Expedited Discovery, and all pleadings, exhibits, and record evidence herein, and upon all matters of which judicial notice may properly be taken and upon such further evidence and arguments as the Court may receive prior to rendering its decision on this motion.

For the convenience and consideration of the Court, Curves has attached a proposed order regarding the granting of this motion.

Dated: October 2nd, 2007

/s/ Joseph W. Carlisle
GRAY, PLANT, MOOTY, MOOTY &
 BENNETT, P.A.
Michael R. Gray (175602)
Jason J. Stover (30573X)
500 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

Of Counsel

William D. Jones III  (asb-3120-e57w)
Joseph W. Carlisle  (asb-1197-e68c)
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Phone: (205) 458-9400
Fax:    (205) 458-9500

wdj@johnstonbarton.com
jwc@johnstonbarton.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the above and foregoing *Motion for Expedited Discovery,* and served a true and correct copy, via U.S. Mail, with proper postage affixed, on the Defendant at the following addresses:

Linda S. Mosbarger
750 Shields Road
Deatsville, AL 36022

Linda S. Mosbarger
Jordan's Gym
770 Shields Road
Deatsville, AL  36022

Linda S. Mosbarger
10009 Holtville Road
Deatsville, AL  36022

this 2nd day of October, 2007.

/s/ Joseph W. Carlisle
Of Counsel

W0618548.DOC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **Curves International, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.: 2:07-cv-807-MHT** |
| **Linda S. Mosbarger,** | ) | |
| | ) | **PLAINTIFF'S EXPEDITED** |
| **Defendant.** | ) | **DISCOVERY REQUESTS** |
| | ) | |

TO:    Defendant Linda S. Mosbarger:

PLEASE TAKE NOTICE that Plaintiff Curves International, Inc. ("Curves")

demands timely answers to the following interrogatories and document requests under

oath pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

The interrogatories and document requests shall be deemed continuing so as to

require supplemental answers if Defendant obtains further information between the time

answers are served and the time of trial.

## DEFINITIONS AND INSTRUCTIONS

The following interrogatories and document requests are to be read, interpreted,

and answered with reference to the following definitions and instructions:

These interrogatories and document requests are of an ongoing nature, and should

you acquire additional information responsive to these interrogatories and document

requests, the answer must be updated to provide the additional information.

If a privilege not to answer is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim.

If a refusal to answer an interrogatory or document request is stated on the grounds that it is an undue burden, identify the number and nature of documents needed to be searched, the location of the documents, the number of persons, hours and amount of costs required to conduct the search.

If any interrogatory or document request cannot be answered in full, answer to the extent possible, and specify reasons for your inability to answer completely.

1.      "You" or "your" means and refers to the above-named Defendant, all of her agents, employees, representatives, insurers, attorneys, and all other persons or entities acting on their behalf.

2.      "Person" means a natural person, corporation, partnership, government (or any agency thereof), quasi-public entity, proprietorship, joint venture, trust or estate, and any other form of legal entity.

3.      "Representative" means a present and former director, officer, employee, agent, attorney, accountant, and any other person acting on behalf of the designated person.

4.      "Document" or "writing" refers to the original and all nonidentical copies or reproductions of any written, printed, typed, or recorded matter of any kind known to you or in your possession, custody or control, including but not limited to:

a.      Letters, correspondence, telegrams, wires, memoranda, instructions, calendars, diaries, desk books, reports, studies, surveys, speeches,

minutes, pamphlets, notes, records, charges, tabulations, compilations, accounting records, interoffice and intraoffice communications, **E-mail, electronic mail, voice mail, electronic bulletin board posting**, tape or other voice recordings, recordings of meetings, conferences, telephone conversations, or other communications and drafts of any of the foregoing; and

      b.     Microfilm, microfiche, or other reproductions or film impressions and data stored in computers, **magnetic media, floppy disks, hard disks or tapes, and optical or laser-based media including but not limited to CD-ROM**.

5.     "Identify," when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his action in connection with the matters alleged in this action.

6.     "Identify," when used with respect to a corporation or other form of business organization, means to state the name of such corporation or business organization, the address of its principal place of business, its state of incorporation or formation, and the identity of all individuals who acted on its behalf in connection with the matter alleged in this action.

7.     "Identify," when used with regard to a document or writing, means to give the type of document or writing (for example, letter, memorandum, telegram, charge, report), date originated and/or identifying symbol to identify the author, addressee, and each recipient of such document or writing.

8.    "Describe," when used with respect to a communication, a meeting, an act or conduct, means to give, state, or identify the following:

    a.    The date of the communication, meeting, act or conduct, where it took place, the identify of each participant and the identity of each person who was present;

    b.    If a communication or meeting, the identity of the person making the particular statement so listed, the mode of communication (for example, in writing, telephone, or in person), and the location of each of the participants; or

    c.    If an act or conduct, the details of the act or conduct being described and what each person participating in such act or conduct did.

9.    If any information, whether or not written, is responsive to any of the following interrogatories or document requests, and is withheld based on any claims of privilege, describe generally the substance or subject matter of the information, communication or document withheld, state the date of the communication or document, state the privilege being relied upon or claimed and the basis therefore, identify the person involved, and identify all persons or entities who have had access to such information, communication or document.

10.    The request for identification of information includes any information within the files of attorneys, accountants, and other agents.

11.    If the answer to any interrogatory or document request is that you lack knowledge of the requested information, describe all efforts that you have made to obtain the information necessary to answer the interrogatory or document request.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify, as that term is defined above, all individuals with knowledge of the allegations made in Plaintiff's Complaint, including a brief description of the substance of the individual's knowledge.

**INTERROGATORY NO. 2:**        Identify, as that term is defined above, all individuals employed by Defendant from April 5, 1999, to the present, including their title, if any, and job description.

**INTERROGATORY NO. 3:**        Identify, as that term is defined above, each and every individual with any ownership interest in "Jordan's Gym," specifically identifying the ownership interest.

**INTERROGATORY NO. 4:**        Identify and describe in detail all communications between Defendant and any white or yellow page telephone directory listing agencies, entities, or advertisers for the time period April 5, 1999, to the present.

**INTERROGATORY NO. 5:**        Identify and describe in detail any written documentation or communication made by Defendant to any individual or entity referring or relating to Defendant's status as a CURVES® franchisee or her association with Curves from April 5, 1999, to the present.

**INTERROGATORY NO. 6:**        Identify and describe in detail the current location and/or disposition of all written materials provided to Defendant by Curves, including manuals, marketing materials, training materials, forms, brochures and any other materials bearing Curves' trademarks, trade names, or commercial symbols.

**INTERROGATORY NO. 7:**        Identify all computers used by Defendant in the operation of her fitness and weight loss business for the last eight years.

**INTERROGATORY NO. 8:**         Describe the type of services provided by Jordan's Gym, and identify the physical location out of which that business operates.

**INTERROGATORY NO. 9:**         Please identify all CURVES® trademarks that were formerly used by Defendant, and identify the date on which Defendant ceased such use. Please also identify all CURVES® trademarks that Defendant continues to use.

**INTERROGATORY NO. 10:**         Identify the date on which Linda S. Mosbarger became employed by and/or affiliated with Jordan's Gym.

**INTERROGATORY NO. 11:**         Identify all customers or members who received membership and/or fitness or weight loss services from Defendant or Defendant's fitness or weight loss facility between April 5, 1999 and November 16, 2006.

**INTERROGATORY NO. 12:**         Identify all customers or members who received membership and/or fitness or weight loss services from Defendant from November 17, 2006 to the present.

**INTERROGATORY NO. 13:**         Identify all phone numbers used by Defendant in connection with fitness or weight loss services, from April 5, 1999 to the present.

**INTERROGATORY NO. 14:**         Describe all steps taken by Defendant to remove Curves' trademarks upon the termination of the Franchise Agreement between Plaintiff and Linda S. Mosbarger.

**INTERROGATORY NO. 15:**         Describe all steps taken by Defendant after November 16, 2006, to comply with the post-termination obligations set forth in the franchise agreement. Without limiting the generality of the foregoing, please describe the

disposition of all trademarked materials used by Defendant in connection with the operation of their CURVES® franchise as well as those steps Defendant took to comply with her post-termination covenant against competition.

**INTERROGATORY NO. 16:**    Identify and describe all training materials received by Defendant from Curves.  Please also identify the dates on which Defendant received any training from a Curves employee, and describe the nature of that training.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**    All documents identified or requested to be identified in Plaintiff's interrogatories set forth above.

**REQUEST NO. 2:**    All forms, brochures, letterhead, invoices, business cards, membership agreements, or any other documents used by Defendant in the operation of the business Jordan's Gym or any derivative thereof, since the date that entity began operating.

**REQUEST NO. 3:**    All written or electronic communications sent to any client, customer, member, contact, referral source, business associate, or person or entity referring or relating to Defendant's change in operation from a CURVES® franchise to any other business.

**REQUEST NO. 4:**    All financial statements, balance sheets, income statements, payroll records, and profit and loss statements for any of Defendant's fitness and weight loss business operations (including but not limited to Curves and Jordan's Gym) for the time period April 5, 1999 through the date of the response to these document requests.

**REQUEST NO. 5:**    Any documents that refer or relate to Defendant's preparation(s) for using the name Jordan's Gym, or any derivative thereof, regardless of the date of the document or the content of the document.

**REQUEST NO. 6:**    All communications between Defendant and any current or former Curves franchisee for the time period April 5, 1999 through the date of this request.

**REQUEST NO. 7:**    All communications by or between Defendant and Curves, or any individual employed by or associated with Curves, regardless of the date of the document.

**REQUEST NO. 8:**    Copies of all advertising, brochures, flyers, or any other documents used by Defendant to promote fitness and weight loss services from April 5, 1999 to the date of the response to this request.

**REQUEST NO. 9:**    All client lists, customer lists, member lists, contact lists, referral source lists, or any other lists of names used or maintained by Defendant in the operation of her fitness and weight loss business at any time during the eight years preceding this request.

**REQUEST NO. 10:**    All documents that refer to or reflect the date or dates when Defendant ceased operating as "Curves" and began operating as Jordan's Gym, including invoices for new letterhead, business cards, invoices, uniforms, advertising, yellow pages, or any other similar documentation.

**REQUEST NO. 11:**    Any communications to clients, customers, members, or any other individual or entities referring to Defendant's change in the name of the

operations from "Curves" to Jordan's Gym, regardless of the date of the document or the form of the document.

**REQUEST NO. 12:**  A mirror image of all hard drives in all computers used by Defendant for any part of the operation of her fitness and weight loss facility, regardless of the time frame.

**REQUEST NO. 13:**  All documents related to Defendant's gross monthly sales, from April 5, 1999, to the present.

**REQUEST NO. 14:**  All documents on which Defendant plans to rely to oppose Curves' motion for preliminary injunction.

**REQUEST NO. 15:**  All documents related to the termination of Defendant's franchise rights, including but not limited to the steps taken by Defendant to comply with the franchise agreement's post-termination obligations.

**REQUEST NO. 15:**  All documents that relate to training provided by Curves to Defendant.

Dated this ___ day of _____, 2007.

GRAY, PLANT, MOOTY, MOOTY &
 BENNETT, P.A.
Michael R. Gray (175602)
Jason J. Stover (30573X)
500 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

Of Counsel

-10-

William D. Jones III  (asb-3120-e57w)
Joseph W. Carlisle  (asb-1197-e68c)
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Phone: (205) 458-9400
Fax:    (205) 458-9500

wdj@johnstonbarton.com
jwc@johnstonbarton.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing *Interrogatories and Request to Produce* via U.S. Mail, with proper postage affixed, on the Defendant at the following addresses:

Linda S. Mosbarger
750 Shields Road
Deatsville, AL 36022

Linda S. Mosbarger
Jordan's Gym
770 Shields Road
Deatsville, AL  36022

Linda S. Mosbarger
10009 Holtville Road
Deatsville, AL  36022

this _____ day of _____, 2007.

_____
Of Counsel

W0618546.DOC

-11-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **Curves International, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.: 2:07-cv-807-MHT** |
| **Linda S. Mosbarger,** | ) | |
| | ) | **NOTICE OF DEPOSITION** |
| **Defendant.** | ) | |
| | ) | |

**PLEASE TAKE NOTICE** that on November 2, 2007, commencing at 10:00 a.m.,

Plaintiff Curves International, Inc., by undersigned counsel will take the deposition, upon oral

examination, of Defendant Linda S. Mosbarger for the purpose of discovery and/or use as

evidence at trial.  The deposition will be taken before an officer authorized to administer oaths.

**The place of the deposition will be the Law Offices of Johnston Barton Proctor & Rose**

**LLP, Colonial Brookwood Center, 569 Brookwood Village, Suite 901, Birmingham,**

**Alabama 35209.**  The deposition will be continued from day to day at the same time and place

until the same shall be completed.

Dated this ___ day of _____, 2007.

GRAY, PLANT, MOOTY, MOOTY &
 BENNETT, P.A.
Michael R. Gray (175602)
Jason J. Stover (30573X)
500 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

Of Counsel

William D. Jones III  (asb-3120-e57w)
Joseph W. Carlisle  (asb-1197-e68c)
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Phone: (205) 458-9400
Fax:    (205) 458-9500

wdj@johnstonbarton.com
jwc@johnstonbarton.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the above and foregoing *Notice of Deposition* via U.S. Mail, with proper postage affixed, on the Defendant at the following addresses:

Linda S. Mosbarger
750 Shields Road
Deatsville, AL 36022

Linda S. Mosbarger
Jordan's Gym
770 Shields Road
Deatsville, AL  36022

Linda S. Mosbarger
10009 Holtville Road
Deatsville, AL  36022

this _____ day of _____, 2007.


_____
Of Counsel


W0618549.DOC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **Curves International, Inc.,**  ) <br> ) <br> **Plaintiff,**  ) <br> ) <br> **vs.**  ) <br> ) <br> **Linda S. Mosbarger,**  ) <br> ) <br> **Defendant.**  ) <br> ) | **Case No.: 2:07-cv-807-MHT** <br><br> **ORDER FOR EXPEDITED DISCOVERY** |

The above-entitled matter came on for hearing before the undersigned Judge on Plaintiff's Motion for Expedited Discovery.  Based upon all the files, records and proceedings herein, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1.    Plaintiff's Motion for Expedited Discovery is granted.

2.    Plaintiff shall be allowed to serve the Expedited Discovery Requests attached to its Motion by any and all means available, including email, facsimile, and/or U.S. Mail.  The Defendant shall have until October 26, 2007 to respond to Plaintiff's Expedited Discovery Requests and produce all documents sought therein.

3.    Defendant Linda S. Mosbarger must appear for a deposition on November, 2, 2007, pursuant to a Notice of Deposition to be served by Plaintiff.

IT IS SO ORDERED.


Date:_____          _____

United States District Judge


W0618547.DOC