**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **Curves International, Inc.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.: 2:07-cv-807-MHT |
| **Linda S. Mosbarger,** ) | |
| ) | **BRIEF IN SUPPORT OF MOTION FOR** |
| Defendant. ) | **EXPEDITED DISCOVERY** |
| ) | |

## I.   INTRODUCTION

Curves International, Inc. ("Curves"), has commenced this action to enforce the post-termination obligations contained in the former Franchise Agreement between Curves and Defendant Linda S. Mosbarger.  The Franchise Agreement between the parties has been terminated, yet Mosbarger continues to operate a business that competes directly with the business system provided by Curves and its other franchisees.  Specifically, Mosbarger has begun operating a business called "Jordan's Gym," which provides the same type of fitness and weight loss programs provided by Curves franchisees.  Defendant not only continues to compete with Curves in violation of the covenant against competition contained in the Franchise Agreement, the Defendant also continues to make unlawful use of Curves' registered trademarks in connection with her new business.  Curves seeks a preliminary injunction to enjoin the Defendant's trademark infringement and enforce the post-termination noncompete provisions of the Franchise Agreement.  In order to prepare for the Preliminary Injunction hearing and present relevant facts to the Court, Curves seeks leave of Court to conduct expedited discovery.

## II.     ARGUMENT

### A.     The Standard for Expedited Discovery

Generally, parties may not commence discovery until after the Rule 26(f) conference has been held. A court may, however, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery. *See e.g.*, Fed. R. Civ. P. 26(b)(2) and 26(d); *Quest Communications Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

There is a split of authority regarding the standard for deciding whether to permit expedited discovery. Some courts apply a test asking whether there is "good cause" for permitting expedited discovery, while other courts apply a four-part test similar to the test for a preliminary injunction.[1] Compare *Quest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419-420 (D. Colo. 2003) (discussing the split of authority over expedited discovery standard and adopting the "good cause" standard) with *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (applying four-part expedited discovery test).

Curves is not aware of any reported opinions from this Court adopting either standard for expedited discovery. While the facts of this case militate in favor of granting expedited discovery under either standard, Curves urges this Court to apply the "good cause" standard, as it is the most appropriate standard under the circumstances of this case. *See, e.g., Merrill Lynch v. O'Connor*, 194 F.R.D. 618, 623-24 (N.D. Ind. 2000) (holding that four-part discovery test is inapplicable for a request for expedited discovery for a preliminary injunction hearing).

---

[1] Curves respectfully refers the Court to Plaintiff's Motion for Preliminary Injunction and supporting Memorandum of law which also supports this Motion for Expedited Discovery.

**B.    Good Cause Exists to Allow Curves to Conduct Expedited Discovery**

"Good cause" has been found where one of the parties is seeking emergency relief. *See, e.g., Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (holding good cause may exist for expedited discovery where a party seeks a preliminary injunction); *see also*, Fed. R. Div. P. Adv. Comm. Notes (1993 amendments to subdivision (d)) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction"). In the case at bar, Curves is seeking a preliminary injunction and the discovery sought is to prepare for the hearing on the preliminary injunction motion which may be consolidated under Rule 65(a)(2) of the Federal Rules of Civil Procedure.

Curves' Memorandum in Support of its Motion for Preliminary Injunction and the supporting motion papers demonstrate that the Defendant is engaging in conduct which constitutes trademark infringement, violates the clear and unambiguous non-compete provisions of the franchise agreement at issue and otherwise constitutes trading off the goodwill of Curves. In order for Curves to assess the extent of the irreparable harm that Curves has suffered and continues to suffer, good cause exists for Curves to conduct expedited discovery in this action to ascertain the scope of Defendant's actions and conduct. In addition, granting Curves' motion for expedited discovery will allow the parties to present more complete evidence at the injunction hearing. *See, e.g., Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting motion for expedited discovery because "[f]urther development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits.").

### C. Expedited Discovery Should be Allowed in This Case if the Court Applies the Four Part Test.

The four part test for expediting discovery was first set forth in the case of *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). The four part test is as follows:

> (1) [Curves] is suffering irreparable injury, (2) there is a probability [Curves] will succeed on the merits of its claims, (3) there is a connection between the expedited discovery and the avoidance of irreparable injury, and (4) there is evidence that the injury that will result without expedited discovery looms greater than the injury that [Defendant] will suffer if the expedited relief is granted.

As is more fully set forth below, Curves meets all four of these requirements.

Curves' preliminary injunction motion papers present compelling evidence of Curves' ongoing irreparable injury. Indeed, irreparable injury can be presumed from Defendant's wrongful conduct.

There is a great probability that Curves will succeed on the merits of its claims, as the evidence put forth thus far establishes the elements of Curves' Lanham Act claims, unfair competition claim, and breach of contract claims. The evidence overwhelmingly supports all of these claims, creating a high probability that Curves will succeed on the merits in this action.

Without question, there is a direct connection between the expedited discovery requested by Curves and the avoidance of further irreparable injury. There is a genuine risk that Defendant's conduct will damage goodwill in the market and make it very difficult for Curves to re-franchise the area and service its customer base while Defendant continues to operate during the post-termination period. *See Bellsouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, Inc.*, 425 F. 3d 964 (11th Cir. 2005) (holding that the loss of customer goodwill is an irreparable injury). It is essential that Curves be allowed to conduct expedited discovery to obtain information and documentation relating to these irreparable damages that it

continues to sustain. *See JE Hanger, Inc. v. Scussel*, 937 F. Supp. 1546 (M.D. Ala. 1996) (holding that injury is irreparable if it cannot be undone through monetary remedies).

### III.    CONSOLIDATION OF PRELIMINARY INJUNCTION HEARING WITH TRIAL ON MERITS

Curves respectfully requests that this Court consider exercising its discretion by consolidating the preliminary injunction hearing with a full trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). *Puerto Rican Farm Workers ex rel. Vidal v. Eatmon*, 427 F.2d 210 (5th Cir. 1970) (Fla.) (holding that restraining order and preliminary injunction were entitled to full hearing if application for preliminary injunction and trial of case on merits were to be consolidated). Doing so would conserve precious judicial resources and lend itself to an expedited disposition of all of Curves' equitable claims. *See, e.g.*, 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2950 (2d ed. 1995) ("Combining the trial and the Rule 65(a) hearing avoids having the same evidence presented both at the preliminary injunction stage and later at trial."). This is particularly true since the evidence relevant to the preliminary injunction is relevant to the merits and would avoid repetition and a waste of judicial resources. *See Quad-City Community News Serv., Inc. v. Jebens*, 334 F. Supp. 8, 18 (S.D. Iowa 1971) (consolidating trial of the action on the merits with hearing on application for preliminary injunction where parties stipulated that the issue of permanent injunctive relief would be determined from the same evidence). However, consolidation of the preliminary injunction and the trial on the merits requires that Curves be allowed to conduct expedited discovery so that all relevant evidence is available to it and the Court at the time of the hearing.

### IV.    CONCLUSION

For the foregoing reasons, Curves respectfully requests that the Court grant its Motion for Expedited Discovery and Consolidation. Because the hearing before this Court is scheduled for

November 14, 2007, Curves asks that this Court order Defendant to respond to Curves' expedited discovery requests, as well as produce all requested documents, by no later than October 28, 2007. Requiring Defendant to respond by October 28 will give Curves sufficient time to depose Defendant prior to the hearing before this Court.

Dated: October 2, 2007.

/s/ Joseph W. Carlisle
GRAY, PLANT, MOOTY, MOOTY &
 BENNETT, P.A.
Michael R. Gray (175602)
Jason J. Stover (30573X)
500 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

Of Counsel

William D. Jones III  (asb-3120-e57w)
Joseph W. Carlisle  (asb-1197-e68c)
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Phone: (205) 458-9400
Fax:    (205) 458-9500

wdj@johnstonbarton.com
jwc@johnstonbarton.com

**Attorneys for Plaintiff**

-7-

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing *Brief in Support of Motion for Expedited Discovery,* and served a true and correct copy, via U.S. Mail, with proper postage affixed, on the Defendant at the following addresses:

Linda S. Mosbarger
750 Shields Road
Deatsville, AL 36022

Linda S. Mosbarger
Jordan's Gym
770 Shields Road
Deatsville, AL 36022

Linda S. Mosbarger
10009 Holtville Road
Deatsville, AL 36022

this 2nd day of October, 2007.

/s/ Joseph W. Carlisle
Of Counsel

W0618550.DOC