UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Curves International, Inc.,

               Plaintiff,                            Case Action No. 2007-CV-807-MHT

vs.

Linda S. Mosbarger,

               Defendant

To:    Linda Mosbarger and her counsel of record Connie Morrow and Charles E. Grainger, Jr.,
          Grainger Legal Services, Inc., 4220 Carmichael Ct., N., Montgomery, Alabama 36106

**AMENDED MOTION TO ENTER INJUNCTION AS UNOPPOSED OR TO CONTINUE
PRELIMINARY INJUNCTION HEARING**

        Curves International, Inc. ("Curves") hereby moves the Court for an Order entering

Preliminary Injunction as unopposed or continuing the Preliminary Injunction hearing currently

scheduled for November 14, 2007 at 10:00 a.m. A proposed Order for the injunction has been

submitted to the Court. A proposed Order for continuation is attached as Exhibit A.

**FACTS**

        Curves filed this action on September 7, 2007 against Linda Mosbarger, a former Curves

franchisee in Deatsville, Alabama, to enforce the post-termination obligations under the

Franchise Agreement and for damages for breach of contract. At the time of filing the

Complaint, Curves also filed a Motion for Preliminary Injunction. On September 24, 2007, the

Court issued an Order (Docket No. 12) setting an evidentiary hearing on November 14, 2007 at

10:00 a.m. The Court's Order also stated "The parties are to file prehearing briefs by November

9, 2007." Curves filed extensive briefing with its Motion for Preliminary Injunction, including a

Memorandum of Law, Appendix of Cases and supporting Affidavits. Linda Mosbarger failed to

file any responsive memoranda of law, affidavits or other responsive pleadings by the November

9, 2007 deadline set by the Court.  Pursuant to Section 6 of the Pretrial Order for this case:

> The failure to file a response to any motion – either dispositive or nondispositive
> – within the time allowed by the Court shall indicate that there is no opposition to
> the motion.

Scheduling Order (Docket No. 21)

Curves took the deposition of Linda Mosbarger on November 2, 2007 in Montgomery,

Alabama.  At the time of the deposition, Ms. Mosbarger produced a copy of a "Memorandum of

Understanding" purporting to transfer Ms. Mosbarger's interest in Jordan's Gym to Truitt K.

Johnson.  A true and correct copy of the "Memorandum of Understanding" is attached hereto as

Exhibit B.  Ms. Mosbarger also identified Susan Tinley as the day-to-day manager for Jordan's

Gym.  Because Truitt Johnson and Susan Tinley possess knowledge of highly-relevant facts

pertaining to the Preliminary Injunction hearing, in the event the Court does not enter the

injunction as unopposed, Curves seeks a short continuance in order to depose these individuals.

## DISCUSSION

### A.    The Court Should Enter the Injunction as Unopposed.

This Court's September 24, 2007 Order clearly states that prehearing briefs were due on

November 9, 2007.  Other than a one-sentence Answer (Docket No. 16), Defendant has failed to

file any pleadings in this case.  Pursuant to Section 6 of the Scheduling Order in this matter,

Defendant has waived the opportunity to file any responsive briefing, thereby indicating that

Defendant has no opposition to Curves' Motion for Preliminary Injunction.  Therefore, Curves

respectfully requests that the Court enter the injunction as unopposed in the form submitted to

the Court.

**B.**    **Alternatively, the Court Should Continue the Evidentiary Hearing.**

If the Court declines to enter the injunction as unopposed, a short continuation of the

Preliminary Injunction hearing will accomplish several objectives.  First, it will give Curves an

adequate opportunity to depose Truitt Johnson, the alleged current owner of Jordan's Gym.  See

attached "Memorandum of Understanding."  Curves deems it necessary to depose Mr. Johnson

in order to determine when he acquired an interest in Jordan's Gym, the terms of the transaction,

the existence of any records relating to the transaction and what level of continuing involvement

Ms. Mosbarger has in the ongoing operation of Jordan's Gym.

In addition, Curves deems it necessary to depose Susan Tinley, the current manager of

Jordan's Gym.  Ms. Mosbarger revealed Ms. Tinley's identity during her deposition on

November 2, 2007 and claims that she is the day-to-day manager for Jordan's Gym.  Curves

seeks an opportunity to depose Ms. Tinley to discern her knowledge of the transaction between

Ms. Mosbarger and Truitt Johnson, the composition of the members of Jordan's Gym, the

services offered at Jordan's Gym and the extent of Ms. Mosbarger's continuing involvement in

the operation of Jordan's Gym.  At her deposition on November 2, 2007, Ms. Mosbarger claimed

ignorance of the composition of the membership and services offered at Jordan's Gym.

Truitt Johnson and Susan Tinley were not disclosed as individuals with knowledge of

facts relevant to these proceedings until the deposition of Linda Mosbarger on November 2,

2007.  Because Ms. Tinley and Mr. Johnson are not parties to this action, it will be necessary to

subpoena their testimony and records.  Curves believes that the testimony from Mr. Johnson and

Ms. Tinley will be highly-relevant to the issue of whether the transaction between Ms.

Mosbarger and Mr. Johnson was a bona fide sale of the Jordan's Gym business operation, or was

merely a sham in an effort to evade Ms. Mosbarger's post-termination noncompete obligations.

3

In order to preserve judicial resources and present relevant evidence in an orderly manner, Curves seeks a short continuance to gather evidence from these recently disclosed witnesses.

Finally, Curves has made a proposal to Ms. Mosbarger to resolve the injunction portion of this case. As at the time of this Motion, Ms. Mosbarger's Counsel has not replied to Curves' proposal. A short continuance would provide the parties with an opportunity to exhaust efforts to resolve the dispute while at the same time completing discovery from Mr. Johnson and Ms. Tinley in order to present full and complete evidence at the Preliminary Injunction hearing.

## CONCLUSION

Based on the foregoing, Curves respectfully requests that the Court enter the injunction requested by Curves as unopposed or continue the hearing on its Motion for Preliminary Injunction up to 30 days in order to obtain the deposition and records of Truitt Johnson and Susan Tinley.

Dated: November 12, 2007    **GRAY, PLANT, MOOTY,**
                **MOOTY & BENNETT, P.A.**

           By s/Michael R. Gray
             Michael R. Gray (MN 175602)
             Jason J. Stover (MN 30573X)
             500 IDS Center
             80 South Eighth Street
             Minneapolis, Minnesota 55402-3796
             Telephone: (612) 632-3000
             Facsimile: (612) 632-4444
             mike.gray@gpmlaw.com
             jason.stover@gpmlaw.com

             and

**JOHNSTON, BARTON, PROCTOR & ROSE**
Joseph W. Carlisle
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9458
Facsimile: (205) 458-9500
jwc@johnstonbarton.com

**ATTORNEYS FOR PLAINTIFF**

GP:2288498 v1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Curves International, Inc.,

                        Plaintiff,                                  Case Action No. 2007-CV-807-MHT

vs.

Linda S. Mosbarger,

                        Defendant

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion to Continue the hearing on its Motion for

Preliminary Injunction, filed November 12, 2007, and for good cause, it is

ORDERED:

That the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction is continued

until _____, 2007 at ___.m.  During this time, Plaintiff shall be allowed to take

depositions and seek documents from Truitt Johnson and Susan Tinley.

Done this ____ day of November, 2007.

_____
Myron H. Thompson
United States District Judge

GP:2288199 v1

**EXHIBIT A**

## Memorandum of Understanding

On this the 3rd day of December, 2006, an agreement and memorandum of understanding was reached between the following two individuals, Truitt K. Johnson and Linda S. Lewis, related to their respective businesses, in development, Natural Beauty Garden Center Development, 8617 U. S. Highway 231, Wetumpka, Alabama 36092, and Jordan's Gym, formerly Mike's Gym, 770 Shields Road, Deatsville, Alabama  36022.  The parties, Truitt K. Johnson and Linda S. Lewis, each desire to develop future businesses.  In this light, Linda S. Lewis, grants, sales and devises her interest in Jordan's Gym to Truitt K. Johnson, for good and valuable consideration.  Additionally, Truitt K. Johnson, grants, sales and devises to Linda S. Lewis an 1% ownership in the Natural Beauty Garden Center to be developed in the near future.  The principle purpose for this agreement is to finance the parties' joint development company Natural Beauty Garden Center.

_____
TRUITT K. JOHNSON

_____
LINDA S.LEWIS

**EXHIBIT B**