U. S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION            RECEIVED

| | | |
|---|---|---|
| CURVES INTERNATIONAL, INC., | ) | 2007 NOV 15 P 2: 35 |
| | ) | |
| Plaintiff, | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| v. | ) | MIDDLE DISTRICT ALA |
| | ) | CASE NO. 2007-CV-807-MHT |
| | ) | |
| | ) | |
| LINDA S. MOSBARGER, | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO INJUNCTIVE REQUESTS OF THE PLAINTIFF

**COMES NOW** the DEFENDANT, LINDA S.MOSBARGER, nee LINDA S. LEWIS, by and through undersigned counsel, and requests for this Honorable Court to deny the original Plaintiff's [ Curves International, Inc.] request for injunctive relief which is set for oral argument/hearing on November 21, 2007. The true wronged party and victim in this action is Linda S. Lewis. See, Counterclaim and Affidavits of Support, 3 Law Enforcement Reports, property damage, personal injury and statement of compensatory damages, consequential and punitive damages. Therefore, based on the "totality of the circumstances" and matters filed with this Honorable Court, the Defendant is seeking relief based upon the following:

1. ***Federal Rule of Civil Procedure 12(b)(6)***

Based upon the Complaint and subsequent pleadings filed first by Curves and then by innocent victim, Linda S. Lewis, the original allegations have no merit. Linda S. Lewis has not been in the "exercise business" for over a year. This Curves' Federal Court Complaint was not timely when it was brought,

was not properly investigated by the attorneys bringing this action and appears to have been brought for improper, vindictive reasons, as opposed to the subterfuge listed in the original complaint. Clearly, based upon the law enforcement reports dated September 10, November 2 (based upon an act of November 1, 2007) and November 7, 2007 (based upon an act in late August of 2007) along with the affidavit of Joyce Berry, the original Plaintiff in this matter, Curves, did not have enough evidence against the victim Linda S. Lewis when this matter was originally brought, nor to they today. This Federal lawsuit was brought based upon hearsay allegations at best and no evidence whatsoever to back up the corporation's suspicions and ill will toward the victim, Linda S. Lewis, at worst. The pictures of athletic equipment attached to the corporation's original Complaint is clearly not Curves equipment since Curves equipment is not adjustable and the equipment pictured in the Court's record is adjustable; nor is there any indication that this is Ms. Lewis' equipment, or that she is in any way involved in the business or day to day operations of The Jordan Community Center (Jordan's Gym, formerly Mike's Gym since 1997-pre-dating the Holtville Curves business at issue---an exception under the Franchise agreement---but also not really applicable since Ms. Lewis is now in the horticulture/plant/nursery business and a property development entrepreneur). This could have been determined a number of ways other than by filing a Federal lawsuit, i.e. by hiring a investigator, writing a cease and desist letter, taking statements from any "members" of any "gym", seeking to join the

"gym" themselves; had the corporation taken any such steps prior to filing this Federal lawsuit it would have been discovered that the allegations which led to the filing of this lawsuit, probably by former competitors of Ms. Lewis' Holtville Curves franchise which had to be closed for lack of profits, this case never would have been filed. The truth in matters such as this was not hidden from the Corporation and Ms. Lewis readily and promptly denied all allegations in the Complaint and Motion for Injunctive Relief; even before being properly served in this matter, which has never occurred in the manner set out in the Federal Rules of Civil Procedure 4. See, affidavit of Joyce Berry and Law Enforcement Report of September 10, 2007. As a matter of law, the Court does not appear to have jurisdiction over the Defendant, yet, since she has never been properly served. The only notice Ms. Lewis received prior to filing a general denial of all matters alleged and demanding strict proof thereof, including not only the Complaint but also the Motion for Injunctive Relief, was notices mailed via the U.S. postal service from the U. S. District Court Clerk's Office related to the "Expedited Discovery" request of the corporation. For a multitude of both procedural and factual reasons the corporation's Complaint is due to be DISMISSED and the request for injunctive relief brought by the corporation should be DENIED, or in the alternative declared MOOT. There exists no genuine issue of material fact. The Complaint and request for injunctive relief brought by Curves fails to state a timely claim for which relief can be granted based upon the

Counterclaim of Ms. Lewis, the three law enforcement reports attached to the

Counterclaim and all Affidavits likewise attached; this matter is MOOT.

2. *Federal Rule of Civil Procedure 12(c)*

The victim, Linda S. Lewis, solely on the Complaint filed by the corporation

and the request by the corporation of injunctive relief, seeks a judgment based

upon all the pleadings based upon personal firsthand information instead of

hearsay; or, in the alternative, the right to present witnesses and evidence of

the Mootness of this matter at the hearing set at this point in time on

November 21, 2007, before this Honorable Court.

3. *Federal Rule of Civil Procedure 12(f)*

All statements of support filed by the corporation in violation of the Federal

Rules of Evidence's prohibition against the use of such hearsay documents are

sought by Ms. Lewis to be stricken for the record of this Honorable Court.

See, Motion to Strike, Affidavit of Joyce Berry and Law Enforcement Report

of September 10, 2007

4. *Federal Rule Civil Procedure 13(e) & 13(f)*

The victim, Linda S. Lewis/Mosbarger, seeks that this Honorable Court

weighs the equities in this matter and allows her Counterclaim against the

corporate entity-Curves and the following individuals, Kevin Ayers, Julie

Ferrell and Michael Gray, to proceed even though the original Complaint and

Motion for Injunctive Relief are due to be DISMISSED AND DENIED, in

accordance with the cited Federal Rules of Civil Procedures 13 (e) & 13 (f),

the facts set out in the Counterclaim and all documents filed in support of the

Verified Counterclaim, affidavit, law enforcement reports, property damage

repair invoices, etc.

### 5. *11ᵗʰ Circuit 4 Prerequisites for Injunctive Relief*

*In addition to the case law of the Eleventh Circuit Court of Appeals standard*

*prerequisites and burdens of proof for matters requesting injunctive relief. In*

*short, it is the Defendant Linda S. Lewis/Mosbardger's belief that Curves, based*

*upon the "totality of the circumstances" will not be able to meet its burden of*

*proof in the 4 pronged test for injunctive relief.*

> "*A* party requesting preliminary **injunctive relief** must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) its own injury outweighs the injury to the nonmovant; and (4) the injunction would not disserve the public interest." *Haitian Refugee Ctr., Inc. v. Baker,* 949 F.2d 1109, 1110 (11th Cir.1991). The requesting party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of its ability to establish any of the other elements. *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir.1994). We have also stated that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir.2000)."
> See, Reese v. Miami-Dade County, 2003 WL

22025458; Parker v. State Bd of Pardons & Paroles, 275 F.3d 1032 (11ᵗʰ Cir.

2001); In re Bevelle, 348 Bankruptcy R. (N.D. Ala. 2006); Sammy's of Mobile,

Ltd. V. City of Mobile, 928 F.Supp. 1116 (S.D. Ala 1996).

### 6. *Failure to Fully Comply with Requisties of Fed.R.Civ.P. 11*

The attorneys bringing the original complaint in this matter do not appear to

have researched this matter adequately prior to bringing this action contrary to

the requirements of Federal Rule of Civil Procedure 11's mandate.

### 7. *ESTOPPEL*

The corporate entity should be barred from bringing any further actions

against the victim, Linda S. Lewis/Mosbarger due to its failure to fully comply

with the original Franchise agreement.  Also, since Curves and its agents and

individuals connected originally therewith have apparently broken state

trespass, harassment, criminal mischief and assault laws.  Clearly, the original

Plaintiff did not have enough evidence to support its Complaint at the time it

was filed, or now; likewise, with regards to this faulty , unnecessary and moot

request for injunctive relief.

8.  ***PUBLIC POLICY***

The Corporation-Curves has shown through filing unsworn statements and a pattern

and practice of purposely violating the laws of this state to attempt to achieve their

corporate purpose of harassing the victim Linda S. Lewis/Mosbarger in a vindictive

manner, a total disrespect for the laws of the State of Alabama and the U.S.

Constitution and the Federal laws of the United State of America.  This Federal

lawsuit is at least the third time the Corporate entity has harassed this victim.  See,

Verified Counterclaim of Linda S. Lewis/Mosbarger.


   In summary, the victim Linda S. Lewis opposes the corporations's request for

injunctive relief for all the reasons set out herein, and in the Counterclaim and all

supporting affidavits and lawenforcement reports in this record.


                    Respectfully submitted,

                              Connie J. Morrow
                              (#ASB-6870-O78C)
                              Attorney for Counterclaimant
                              LINDA S. LEWIS

ADDRESS OF COUNSEL:
Grainger Legal Services, LLC
4220 Carmichael Ct., N.
Montgomery, Alabama 36106
Tel. (334) 260-0500
Fax (334) 260-5580
      E-mail cmorrow@graingerlegal.com


## CERTIFICATE OF SERVICE

        The undersigned verifies a true and accurate copy of this document has been
delivered to the following (Defendants and purported legal counsel) by placing on this
date a copy of such in the U. S. mail, proper postage prepaid, on this the  14th day of
NOVEMBER, 2007, and addressed as follows:

 Joseph W. Carlisle
William D. Jones, III
JOHNSTON, BARTON,  PROCTOR & ROSE, LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL    35209

Jason J. Stover
Micheal R. Gray
GRAY, PLANT, MOOTY, MOOTY & BENNETT, PA
500 IDS Center, 80 South Eighth Street
Minneapolis, MN    55402

                                        Connie J. Morrow
                                        (#ASB-6870-O78C)
                              Attorney for LINDA S. LEWIS