UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curves International, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Linda S. Mosbarger, <br><br> Defendant | Case Action No. 2:07-cv-807-MHT |

### AFFIDAVIT OF CHRIS COKER

**STATE OF ALABAMA** )
)
**COUNTY OF JEFFERSON** )

Before the undersigned Notary Public, in and for said county and state, personally appeared Chris Coker, who, being duly sworn, deposes and says as follows:

1. My name is Chris Coker. I have personal knowledge of the facts set forth herein. I am over the age of nineteen years, and I am competent to make this affidavit.

2. I work at Expedius Envoy as a courier and special process server.

3. I coordinated with Donald Moore and Josh Brakefield, couriers and special process servers at Exepdius Envoy, to serve Truitt K. Johnson and Susan Tenley with non-party witness subpoenas for attendance at a hearing set for November 21, 2007, in the case styled *Curves International, Inc. v. Linda S. Mosbarger*, in the United States District Court for the Middle District of Alabama, Case No. 2:07-CV-807-MHT, copies of which are attached hereto as "Exhibit A" and "Exhibit B" respectively.

4.  The following details Expedius Envoy's efforts to serve Truitt K. Johnson with the subpoena attached hereto as "Exhibit A":

a.  On November 17, 2007, Donald Moore attempted serve Truitt K. Johnson at 1792 Antioch Road, Wetumpka, Alabama, 36092, but was unsuccessful. The details of that attempt at service are described more fully in the Affidavit of Noel Donald Moore, filed with the court on November 20, 2007, and attached hereto as "Exhibit C."

b.  On November 18, 2007, Josh Brakefield traveled to 1792 Antioch Road, Wetumpka, Alabama, 36092 to attempt service on Mr. Johnson. As the gate attached to the fence surrounding the property was closed, Mr. Brakefield was unable to attempt service.

c.  On November 19, 2007, I attempted to serve Mr. Johnson at an alternate address, 130 Mallard Cove Road, Titus, Alabama, but was unsuccessful. I was informed by a neighbor that Mr. Johnson no longer lived at that address.

d.  On November 20, 2007, Donald Moore attempted to serve Mr. Johnson at the Natural Beauty Garden Center, L.L.C., 8617 US Highway 231, Wetumpka, Alabama, 36092, but was unsuccessful. The details of that attempt at service are described more fully in the Affidavit of Noel Donald Moore, filed with the court on November 20, 2007, and attached hereto as "Exhibit C."

5.  The following details Expedius Envoy's efforts to serve Susan Tenley with the subpoena attached hereto as "Exhibit B":

a.  On November 17, 2007, Donald Moore twice attempted to serve Susan Tenley at 30 Carls Drive, Deatsville, Alabama 36022. Both times, when he reached that address, he approached the residence and knocked on the front door. When no one answered, he departed.

  b.  On November 18, 2007, Josh Brakefield attempted to serve Susan Tenley at 30 Carls Drive, Deatsville, Alabama 36022. When he reached that address, he approached the residence and knocked on the front door. When no one answered, he departed.

  c.  On November 19, 2007, I attempted to serve Susan Tenley at 30 Carls Drive, Deatsville, Alabama 36022. When I reached that address, I approached the residence and knocked on the front door. When no one answered, I departed.

  Further affiant sayeth not.

      **(Signature to follow)**

_____
Chris Coker
Affiant


Sworn to and subscribed before me, this _20th_ day of November 2007.

_____
Notary Public

My Commission Expires: _Dec. 10, 2008_

# EXHIBIT A

# United States District Court
Middle District of Alabama
Northern Division

| | | |
|---|---|---|
| Curves International, Inc., | ) | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff, | ) | |
| vs. | ) | Case Number: 2:07cv807-MHT |
| Linda S. Mosbarger | | |
| Defendant. | | |

To: Truitt K. Johnson
1792 Antioch Road
Wetumpka, Alabama 36092

| | |
|---|---|
| **XX** YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY<br>Frank M. Johnson, Jr. U.S. Courthouse Complex<br>15 Lee Street<br>Montgomery, Alabama 36101-0235 | COURTROOM, DATE & TIME<br>Honorable Judge<br>Myron H. Thompson<br>November 21, 2007<br>10:00 a.m. |
| __ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE & TIME |
| __ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto | |
| PLACE OF PRODUCTION | DATE & TIME |
| __ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE & TIME |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
| *[signature]* Joseph W. Carlisle<br>Attorney for Defendant Curves International, Inc. | November 16, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Joseph W. Carlisle | Johnston Barton Proctor & Rose LLP<br>Colonial Brookwood Center<br>569 Brookwood Village, Suite 569<br>Birmingham, Alabama 35209 | (205) 458-9400<br>(205) 458-9500 FAX |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED: | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____          _____
                            DATE                                              SIGNATURE OF SERVER

                                                                                _____
                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(D) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

Issued by the
# United States District Court

Middle District of Alabama
Northern Division

| | | |
|---|---|---|
| Curves International, Inc., | ) | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff, | ) | |
| vs. | ) | Case Number: 2:07cv807-MHT |
| Linda S. Mosbarger | | |
| Defendant. | | |

To:  Susan Tenley
     30 Carls Drive
     Deatsville, Alabama  36022

| XX YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.  See Exhibit A attached hereto. | |
|---|---|
| PLACE OF TESTIMONY | COURTROOM, DATE & TIME |
| Frank M. Johnson, Jr. U.S. Courthouse Complex<br>15 Lee Street<br>Montgomery, Alabama  36101-0235 | Honorable Judge<br>Myron H. Thompson<br>November 21, 2007<br>10:00 a.m. |

| __ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|
| PLACE OF DEPOSITION | DATE & TIME |
| | |

| __ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A attached hereto | |
|---|---|
| PLACE OF PRODUCTION | DATE & TIME |
| | |

| __ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE & TIME |
| | |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
| *[signature]* Joseph W. Carlisle<br>Attorney for Defendant Curves International, Inc. | November 16, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |
|---|---|---|
| Joseph W. Carlisle | Johnston Barton Proctor & Rose LLP<br>Colonial Brookwood Center<br>569 Brookwood Village, Suite 569<br>Birmingham, Alabama  35209 | (205) 458-9400<br>(205) 458-9500 FAX |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED: | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

TO:   Susan Tenley
      30 Carls Drive
      Deatsville, Alabama  36022

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects on October 21, 2007 at 10:00a.m. at the following location:

        Frank M. Johnson, Jr. U.S. Courthouse Complex
        15 Lee Street
        Montgomery, Alabama  36101-0235

1.   Any and all written employment agreements you have at Jordan's Gym.

# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curves International, Inc.,<br><br>                Plaintiff,<br><br>vs.<br><br>Linda S. Mosbarger,<br><br>                Defendant | Case Action No. 2:07-cv-807-MHT |

### AFFIDAVIT OF NOEL DONALD MOORE

**STATE OF ALABAMA** )
                                  )
**COUNTY OF JEFFERSON** )

Before the undersigned Notary Public, in and for said county and state, personally appeared Donnie Moore, who, being duly sworn, deposes and says as follows:

1. My name is Noel Donald "Donnie" Moore. I have personal knowledge of the facts set forth herein. I am over the age of nineteen years, and I am competent to make this affidavit.

2. I work at Expedius Envoy as a courier and special process server.

3. On November 17, 2007, I attempted to serve Truitt K. Johnson with a non-party witness subpoena for attendance at a hearing set for November 21, 2007, in the case styled *Curves International, Inc. v. Linda S. Mosbarger*, in the United States District Court for the Middle District of Alabama, Case No. 2:07-CV-807-MHT. A copy of the subpoena is attached hereto at "Exhibit A."

4. I attempted to serve Mr. Johnson at 1792 Antioch Road, Wetumpka, Alabama, 36092. When I arrived at that location, the gate attached to the fence surrounding the property was open. I proceeded up the driveway and noticed two dwellings, a mobile home and a fixed dwelling. I first went to the mobile home and knocked on the door. When no one answered the door, I then walked to the fixed dwelling and knocked on the sliding glass door. A woman came to the door, but did not open it. I informed her that I had a delivery for Truitt K. Johnson. The woman informed me that Mr. Johnson did not live there. I then departed.

5. On November 20, 2007, I attempted to serve Mr. Johnson at the Natural Beauty Garden Center, L.L.C., 8617 US Highway 231, Wetumpka, Alabama, 36092. When I arrived, the same woman I had spoken with on November 17, 2007, came out of the office with a pair of scissors. She motioned aggressively at me and the passenger in my car with the scissors, claimed that she had previously informed me that Mr. Johnson was out of town, asserted that I was trespassing, and stated that she was calling the police. I remained at that location while the woman made a telephone call, under the assumption that she was calling the police. Although she did make a telephone call, it did not appear that she called the police at that time. She then instructed me to leave the property. I then departed.

6. Having earlier seen two police officers stopped on the highway as part of a traffic stop, I drove toward that location to inform them of what had just transpired. The police officer I spoke with, Sergeant Edwards of the Wetumpka Police Department, suggested that I continue on my way rather than go back to the Natural Beauty Garden Center.

7. I then traveled to the Wetumpka Police Department and filed a police report detailing the above-described incident. A copy of that report is attached hereto as "Exhibit B."

8.  While filing the police report, I learned from the officer taking my statement, Officer Barris, that he had earlier been called to the Natural Beauty Garden Center regarding this incident but did not file a report at that time. He further informed me that the woman described in paragraphs 4 and 5 above is named Linda Lewis.

Further affiant sayeth not.

(Signature to follow)

_____
Donnie Moore
Affiant

Sworn to and subscribed before me, this 20th day of November 2007.

_____
Notary Public

My Commission Expires: 1/20/09

3

# EXHIBIT A

# United States District Court

Middle District of Alabama
Northern Division

| Curves International, Inc., | ) | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff, | ) | |
| vs. | ) | Case Number: 2:07cv807-MHT |
| Linda S. Mosbarger | | |
| Defendant. | | |

To: Truitt K. Johnson
1792 Antioch Road
Wetumpka, Alabama 36092

| XX YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. ||
|---|---|
| PLACE OF TESTIMONY | COURTROOM, DATE & TIME |
| Frank M. Johnson, Jr. U.S. Courthouse Complex<br>15 Lee Street<br>Montgomery, Alabama 36101-0235 | Honorable Judge<br>Myron H. Thompson<br>November 21, 2007<br>10:00 a.m. |
| ___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. ||
| PLACE OF DEPOSITION | DATE & TIME |
| | |
| ___ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto ||
| PLACE OF PRODUCTION | DATE & TIME |
| | |
| ___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. ||
| PREMISES | DATE & TIME |
| | |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
| *Joseph W. Carlisle* (signature)<br>Attorney for Defendant Curves International, Inc. | November 16, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |||
| Joseph W. Carlisle | Johnston Barton Proctor & Rose LLP<br>Colonial Brookwood Center<br>569 Brookwood Village, Suite 569<br>Birmingham, Alabama 35209 | (205) 458-9400<br>(205) 458-9500 FAX |

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED:** | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

# ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| Field | Value |
|---|---|
| 1. Incident/Offense/Supplement | OFFENSE |
| 2. Case # | 07-1100853 |
| 4. ORI # | 029-0100 |
| 5. Date and time of this report | 11/20/07 12:40 MIL |
| 6. Agency Name | Wetumpka Police Dept |
| 12. Victim | Moore, Noel Donald |
| 13. Address | 2724 Brenda Cir, Gardendale Al 35071 |
| 14. Phone | 205-631-7779 |
| 15. Employer/School | Expedius Envoy Process Serv |
| 17. Address | 1401 Thompson Cir, Gardendale Al 35071 |
| 18. Phone | 205-631-7343 |
| 19. Resident | Non-Resident |
| 21. Race | W |
| 22. Sex | Male |
| 23. HGT | 5'7 |
| 24. WGT | 186 |
| 25. DOB | 02/24/66 |
| 26. Age | 41 |
| 27. Was offender known to victim? | N |
| 28. Victim was | Stranger |
| 30. Type incident or offense | Miscellaneous Report (MISD) |
| 38. Place of occurrence | 8617 US Hwy 231 Wetumpka / Nature / Beauty Garden Cntr |
| 39. Sector | A |
| 45. Time | 11:45 MIL |
| 46. Day | W |
| 47. Lighting | Natural |
| 48. Weather | Clear |
| 49. Premise | Other - Garden Cntr |
| 52. Time | 11:54 MIL |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT CONTINUED | 95 DATE AND TIME OF REPORT 7/20/07 12:40 PM | 96 CASE # 0711 00853 | 97 SFX | 98 OFFENDER/SUSPECT/MISSING PERSON | CHECK IF MULTIPLE |

99 NAME (LAST, FIRST, MIDDLE): Lewis, Linda
101 RACE: W  102 SEX: F
106 HGT: 5'7  107 WGT: 140  108 EYE: BLU  109 HAIR: BRN

137 NARRATIVE:
Victim went to Natural Beauty Garden Center to serve Truitt K Johnson some papers. While walking up to the business he was approached by the listed suspect. Victim said that the suspect was hysterical and shouting "I told you he was out of town Saturday."
The suspect also had a pair of scissors in her hand. Also the suspect accused the victim of stalking her. Later the victim was ordered off the premises in which he complied. A report was made for future reference.

SIGNATURE: X Noel Donald Moore

149 REPORTING OFFICER: Barris  ID# 931
147 CASE STATUS: CLOSED