UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Curves International, Inc.,

               Plaintiff,

vs.

Linda S. Mosbarger,

               Defendant

Case Action No. 2007-CV-807-MHT

**AFFIDAVIT OF MICHAEL R. GRAY**

STATE OF MINNESOTA   )
                        ) ss.
COUNTY OF HENNEPIN   )

Michael R. Gray, after first being duly sworn upon oath, states and alleges as follows:

1.      I am a Principal in the law firm of Gray, Plant, Mooty, Mooty, and Bennett, P.A., which law firm has been retained to represent the Plaintiff in this action.  I make this Affidavit based on my first-hand knowledge of the facts set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of Linda Mosbarger's Responses to Expedited Discovery Requests that I received on October 27, 2007.  In response to Interrogatory No. 3, Linda Mosbarger states that she "has no ownership interest in Jordan's Gym.  The Jordan Community Center, LLC is solely owned by Truitt K. Johnson…In December, 2006, Ms. Lewis sold "Mike's Gym", a/k/a "Jordan's Gym" to Truitt K. Johnson."  In response to Interrogatory No. 10, Linda Mosbarger states "Linda S. Lewis is not employed by and/or affiliated with the operation of 'Jordan's Gym'…" and "This community center is solely owned by Truitt K. Johnson."

3.      In response to document requests, Linda Mosbarger produced a copy of a Lease Agreement dated October 25, 2007 wherein she leased the premises for Jordan's Gym to "Jordan Community Center, LLC, a corporation owned by Truitt K. Johnson."  Based on these sworn discovery responses and documents, I believed that Linda Mosbarger would not be at Jordan's Gym when I went to visit the premises on November 1, 2007.  I expected to see Truitt K. Johnson, the purported owner and lessee of the business.

4.      Attached hereto as Exhibit B is a true and correct copy of my November 5, 2007 correspondence to Connie Morrow describing my unexpected encounter with Linda Mosbarger at Jordan's Gym on November 1, 2007.

5.      On November 26, 2007, I received three packages sent to me by Certified Mail.  A true and correct copy of the outside of each package is attached hereto as Exhibit C.  Inside each package was a handwritten Summons and a copy of the "Amended Answer – Counterclaim" filed by Linda Mosbarger (a/k/a Linda Lewis) in this case.  The words "Amended Answer" were stricken on each document and initialed by Connie Morrow.  A true and correct copy of the Summons and first page of the Amended Answer-Counterclaim is attached as Exhibit D.  One package was addressed to me and the other two were addressed to Kevin Ayers and Julie Ferrell, in care of me.  Each envelope had a return address of the United States District Court for the Middle District of Alabama, although they were sent by Attorney Morrow.  The postage meter number matches the meter number used by Attorney Morrow for other correspondence.  The packages contained no cover letter or other explanation of why they were sent to me.

6.    At the time that I received the packages attached hereto as Exhibit C and D, I did not represent Kevin Ayers or Julie Ferrell in their individual capacity. Nor had I consented to accept service on their behalf, or agree to accept any original service for anyone by Certified Mail.

7.    In a letter dated December 11, 2007, I advised Attorney Morrow of the various procedural and substantive deficiencies in her attempted service and Counterclaim. A true and correct copy of my letter is attached hereto as Exhibit E. Because of the stated deficiencies, I requested that Ms. Morrow immediately dismiss the Amended Answer and Counterclaim against the individuals. As of the date of this Affidavit, Ms. Mosbarger has not dismissed her Counterclaims against myself, Kevin Ayers or Julie Ferrell.

FURTHER YOUR AFFIANT SAITH NOT.

Dated: December 21, 2007

s/Michael R. Gray_____
Michael R. Gray

Subscribed to and sworn before
me this 21st day of December, 2007

s/Lori Kleinschmidt_____
Notary Public

My Commission Expires January 31, 2010

GP:2302589 v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Curves International, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action Number: |
| v. | ) | |
| | ) | CV-2007-CV-807-MHT |
| Linda S. Mosbarger, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S EXPEDITED DISCOVERY REQUESTS**

---

**COMES NOW** the Defendant, LINDA S. LEWIS, formerly LINDA S.

MOSBARGER, in the above styled action, and hereby responds to the Plaintiff's Request

for Expedited Discovery, as follows:

**GENERAL OBJECTIONS**

1. Linda S. Lewis objects to the requests to the extent they, individually or cumulatively, attempt to impose on Mr. Reynolds duties and obligations beyond those permitted by the *Alabama Rules of Civil Procedure.*

2. Linda S. Lewis reserves all objections as to the competency, relevancy, materiality and admissibility of the documents or information.

3. Linda S. Lewis objects to the requests to the extent they are overly broad, vague and ambiguous, unduly burdensome or fail to specify the information or documents sought with reasonable particularity, and to the extent they seek information or documents that are not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence or are otherwise outside of the scope of discovery permitted by the *Alabama Rules of Civil Procedure*.

4. Linda S. Lewis objects to the requests to the extent they require her to produce any documents or information that is publicly available on the ground such documents and information are just as readily obtainable by the Plaintiff and therefore, Ms. Lewis should not have to bear the burden of disclosure.



5. Linda S. Lewis objects to the request to the extent they purport to require Ms. Lewis to produce documents or provide information outside its possession, custody or control.

## INTERROGATORIES

1. Identify all with knowledge of the allegations made in Plaintiff's Complaint.

**Linda S. Lewis, 750 Shields Road, Deatsville, AL 36022 (334) 300-1378; Truitt K. Johnson, 1792 Antioch Road, Wetumpka, AL 36092 (334) 567-0793 ; Susan Tenley, 30 Carls Drive, Deatsville, AL 36022 (334)558-7349; Candie Bass Spivey, 87 Guy Road, Marbury, AL 36051 (334) 569-3090.**

2. Identify all individuals employed by Defendant from April 5, 1999, to the present.

**Candie Bass Spivey, 87 Guy Road, Marbury, Alabama 36051 (334) 569-3090, occasionally served as a substitute for Linda S. Lewis when she was operating the Curves in Holtville from 1999-2006.**

3. Identify each and every individual with any ownership interest in "Jordan's Gym."

**There is no legal entity known as "Jordan's Gym", it is the slang name for the Jordan Community Center. Linda S. Lewis, the Defendant, has no ownership interest in "Jordan's Gym." The Jordan Community Center, LLC, is solely owned by Truitt K. Johnson. Prior to April 1997 up to March of 2006, the "Jordan's Gym", was known as "Mike's Gym." "Mike's Gym" was owned and operated by Linda S. Lewis' former husband Mike Mosbarger. This business was awarded to Linda S. Mosbarger in her divorce on or about March 13, 2006. In the Fall of 2006, Linda S. Lewis started devoting more time and energy to her real estate development business (Possum Trot Properties, LLC) and the Natural Beauty Garden Center in Wetumpka, Alabama. In December, 2006, Ms. Lewis sold "Mike's Gym", aka "Jordan's Gym" to Truitt K. Johnson.**

4. Identify and describe in detail all communications between Defendant and any telephone directory listing agencies, etc., for the time period April 5, 1999 to the present.

**Linda S. Lewis contacted the phone company when she began operating a gym for guys in Holtville along with her husband at the time Mike Mosbarger in 1997 known as " Mike's Gym", aka Jordan's Gym. Later, Ms. Lewis contacted the phone company and added a Curves listing when she began the Curves franchise in 1999 in Holtville, Alabama. The first location**

was at 97 Lightwood Road, Deatsville, Alabama 36022. The phone followed the Curves franchise to its second location at 10009 Holtville Road, Deatsville, Alabama 36022. Having never terminated a business before, Linda S. Lewis as an oversight never terminated the phone service upon ceasing operations of the Curves business in July of 2006. After building a commercial property approximately 4 or 5 miles from her former place of business, now leased out to a third party-Jordan Community Center, LLC, Linda S. Lewis accidentally kept the same phone number as her former businesses (both "Mike's Gym," aka "Jordan's Gym", and the Holtville Curves operated by Linda S. Lewis used the same phone number). Once this oversight was brought to her attention, via this law suit as opposed to a cease and desist letter; Ms. Lewis has voluntarily, in a conciliatory mode, sought through contacting her tenant, to change the phone number of the Jordan Community Center, LLC, to its new phone number.

5. Identify and describe in detail any written documentation or communication made by Defendant to any individual or entity referring or relating to Defendant's status as a Curves franchisee or her association with Curves from April 5, 1999, to the present.

   All correspondence Ms. Linda Lewis has mailed to Curves from the start of the Curves business in Holtville, Alabama, until it was voluntarily closed in July, 2006, is or should be in the possession of the Plaintiff. In the spirit of reciprocal DISCOVERY, the Defendant objects and seeks a copy of such before the time of her deposition, currently set for November 2, 2006 at 9 a.m. Linda S. Lewis, the Defendant, is without knowledge of any other such communications.

6. Identify and describe in detail the current location and/or disposition of all written materials provided to Defendant by Curves, including manuals, etc.

   Linda S. Lewis is without knowledge of any such documentation other than some out of date forms, applications, etc., which will be presented at the scheduled deposition. To the best of the Defendant's knowledge, the Plaintiff has been fully electronic with regards to materials, brochures, training materials, etc., since about 2002, therefore the Defendant does not have in her possession manuals and other such forms.

7. Identify all computers used by Defendant in the operation of her fitness and weight loss business for the last eight years.

   The computer used in Linda S. Lewis' businesses from 1997 until July of 2006 crashed in the Fall of 2006, and was subsequently donated to the Faith Rescue Mission, Wetumpka, Alabama.

8. Describe the type of services provided by Jordan's Gym, and identify the physical location out of which that business operates.

**"Jordan's Gym" is the slang name for the Jordan Community Center. This business serves as a community center, i.e., community storm shelter, tanning salon, public rental space for birthdays, anniversaries, family reunions, charity benefits, rehab facility, speaker forum, etc., for the Slapout, Lightwood, Lake Jordan, Shady Nook, Shoal Creek, Beat 14 and Holtville unincorporated areas of Elmore County, Alabama, along the western side of Lake Jordan in northwest Elmore County, Alabama.**

9. Please identify all Curves trademarks that were formerly used by Defendant, and identify that date on which Defendant ceased such use. Please also identify all Curves trademarks that Defendant continues to use.

**None since July of 2006.**

**Linda S. Lewis admits to operating a Curves franchise from May of 1999 until July of 2006, at two different locations in Holtville, Alabama, an unincorporated area of northwest Elmore County, Alabama. Linda S. Lewis has not used any trademark of Curves to her knowledge since July of 2006.**

10. Identify the date on which Linda S. Mosbarger became employed by and/or affiliated with Jordan's Gym.

**N/A**

**Linda S. Lewis is not employed by and/or affiliated with the operation of "Jordan's Gym," at this time but she operated its predecessor "Mike's Gym" continuously since 1997 until December of 2006 when it was purchased as "Jordan's Gym" by Truitt K. Johnson. As stated previously, "Jordan's Gym" currently is a slang name for the Jordan Community Center, LLC, a tenant of Possum Trot Properties, LLC. This community center is solely owned by Truitt K. Johnson.**

11. Identify all customers or members who received membership and/or fitness or weight loss services from Defendant or Defendant's fitness or weight loss facility between April 5, 1999 and November 16, 2006.

**Computer crash in the Fall of 2006 causes this information to not be available. See, Exhibit A. The Plaintiff would be in possession of more accurate information, therefore the Defendant objects to this request.**

12. Identify all customers or members who received membership and/or fitness or weight loss services from Defendant from November 17, 2006 to the present.

None.

13. Identify all phone numbers used by Defendant in connection with fitness or weight loss services from April 5, 1999 to the present.

**New number (334) 569-1860; former number (334) 569-1223 (accidental oversight corrected upon receiving notice of the problem).**

14. Describe all steps taken by Defendant to remove Curves' trademarks upon the termination of the Franchise Agreement between Plaintiff and Linda S. Mosbarger.

**Linda S. Lewis called and wrote to the Curves Headquarters in San Antonio, Texas, informing of her intent to cease operating the Curves franchise in Holtville, Alabama, sometime in July of 2006. Curves representatives the Defendant spoke with and informed of her intent to close the Curves franchise in Holtville are Tami Rose, Tammy Summerlin and Janie Little. The Plaintiff is in a better position to produce the documentation to answer this query therefore the Defendant objects to this query. Sometime after Ms. Lewis closed down the Curves Franchise in Holtville, she called to get Curves to come and pick up the equipment. She spoke with an employee of Curves by the name of Tami Rose. Ms. Lewis offered to purchase said equipment but was informed by Ms. Rose due to the length of her franchise the equipment was Ms. Lewis' equipment to dispose of as she saw fit. Later in December of 2006, Ms. Lewis received a call from Ms. Rose that headquarters was requiring for the equipment to be returned so the two made an appointment for the equipment to be returned to Curves. The first appointment was on December 19, 2006; this appointment was changed by Ms. Rose. The second appointment was December 21, 2006; like the first appointment, Ms. Rose failed to keep this appointment. Ms. Lewis has not used this equipment since July of 2006, and would have no problem returning such but for this lawsuit; and because of the wording of the franchise contract it appears that since Ms. Lewis was a franchisee for over five years the equipment is now hers or she should be paid $1,500 per piece of equipment by Curves (if the Plaintiff chooses to purchase said equipment for a total of $10,500).**

15. Describe all steps taken by Defendant after November 16, 2006, to comply with the post-termination obligations set forth in the franchise agreement. Without limiting the generality of the foregoing, please describe the disposition of all trademarked materials used by Defendant in connection with the operation of their Curves franchise as well as those steps Defendant took to comply with her post-termination covenant against competition.

**As previously noted; and in Interrrogatory 5, 6, 14 & 15.**

16. Identify and describe all training materials received by Defendant from Curves. Please also identify the dates on which Defendant received any training from a Curves employee, and describe the nature of that training.

**Other than electronic training up to July of 2006, Curves Camp in 1999, Curves Mentors for store opening purposes in 1999 and materials to be returned at the deposition on November 2, 2007- None.**

## DOCUMENTS REQUESTS

1.  All documents identified or requested to be identified in Plaintiff's interrogatories set forth above.

    **Community Center Lease; Corporate paper work for Possum Trot Properties, LLC and Jordan Community Center, LLC; Receipt of Faith Rescue Mission.**

2.  All forms, brochures, letterhead, etc., or any other documents used by Defendant in the operation of the business of Jordan's Gym or any derivative thereof, since the date that entity began operating.

    **None.**

3.  All written or electronic communications sent to any client, customer, member, etc., referring or relating to Defendant's change in operation from a Curves franchise to any other business.

    **None.**

4.  All financial statements, balance sheets, income statements, payroll records, and profit and loss statements for any of Defendant's fitness and weight loss business operations (including but not limited to Curves and Jordan's Gym) for the time period April 5, 1999 through the date of the response to these document requests.

    **None, except those submitted per company policy by computer from May of 1999 until July of 2006.**

    **Defendant objects to producing financial records of an unrelated business started in 1997 first called "Mikes's Gym", subsequently changed to "Jordan's Gym" following her March, 2006, Divorce; which was later sold to a third party in December of 2006.**

## VERIFICATION OF DICOVERY RESPONSE

The foregoing responses to discovery are true and correct to the best of our knowledge on this the 26th day of October, 2007.

LINDA S. LEWIS

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2007, the foregoing was electronically forwarded to the parties listed below.

Also, the following parties were notified via U.S. Mail, postage prepaid and properly addressed:

Jason J. Stover
Michael R. Gray
500 IDS Center, 80 South Eighth Street
Minneaplois, Minnesota 55402
jason.stover@gpmlaw.com
mike.gray@gpmlaw.com

William D. Jones III
Joseph W. Carlisle
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
jwc@johnstonbarton.com

/s/ Connie J. Morrow

# Exhibit A

# Faith
## RESCUE MISSION and NEW HOPE FARM
"Reaching The Homeless for Christ Since 1965"

108 Camden Street
Montgomery, Alabama
262-6024

|  | MON. | TUES. | WED. | THUR. | FRI. | SAT. |
|---|---|---|---|---|---|---|

Pick up Date ___11-30-06___

Name ___Linda Lewis___   Phone ___569-0009___

Address ___750 Shields Rd.___

City/State/Zip ___Deatsville, AL 36022___

Special Instructions _____

___Plus Clurves for Women___
___Hottville/Slapout.___
___they'll Be a Store on left.___

> No goods or services were provided to the donor by Faith Rescue Mission in connection with this contribution.

THIS SLIP WILL SERVE AS YOUR RECEIPT TO USE FOR INCOME TAX PURPOSES

Your Gifts are tax deductable.

| | VALUE |
|---|---|
| Clothing | |
| Furniture  Bookcase | 00 00 |
| Appliances | |
| Misc.  Computer | 00 00 |
| Food | |
| Donor's Estimate      Total | 00 00 |

We wish to express to you our sincere thanks for your interest in our program and your contribution of the above items.

Received by ___[signature]___

# EXHIBIT B

**GRAY**
**PLANT**
**MOOTY**

80. UTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

MICHAEL R. GRAY
ATTORNEY
DIRECT DIAL: 612.632.3078
DIRECT FAX: 612.632.4078
MIKE.GRAY@GPMLAW.COM

November 5, 2007

Connie J. Morrow, Esq.
Grainger Legal Services, LLC
4220 Carmichael Ct., N.
Montgomery, AL 36106

**VIA FACSIMILE & U.S. MAIL**

Re:   <u>Curves International, Inc. v. Linda S. Mosbarger (Lewis)</u>
      Our File No. 115750

Dear Ms. Morrow:

I have your letter dated November 1, 2007. Although the letter is addressed to me and states that it was sent by "Electronic Delivery", I did not receive it on November 1, 2007. Instead, you handed it to me during your client's deposition on the morning of November 2, 2007. Because of the numerous factual and legal misstatements made in your letter, I feel it is necessary to respond.

First, prior to November 1, 2007, you and your client repeatedly and steadfastly contended that Ms. Lewis has no connection whatsoever to Jordan's Gym. You stated on several occasions that Ms. Lewis has nothing to do with the business and this lawsuit was nothing but a big misunderstanding. In response to expedited discovery requests, your client testified as follows:

> Linda S. Lewis is not employed by and/or affiliated with the operation of "Jordan's Gym" at this time but she operated its predecessor "Mike's Gym" continuously since 1997 until December of 2006 when it was purchased as "Jordan's Gym" by Truitt K. Johnson. As stated previously, "Jordan's Gym" currently is a slang name for the Jordan Community Center, LLC, a tenant of Possum Trial Properties, LLC. **This community center is solely-owned by Truitt K. Johnson**. (Emphasis added.)

In addition, your client produced photographs of the interior of Jordan's Gym showing it set up with tables and chairs. At no time did you or your client state that Jordan's Gym was not open to the public or was otherwise a private club with restricted admittance.

As long as I was going to be in town for Ms. Lewis' deposition, I thought I would visit Jordan's Gym to personally observe the community center. Given your client's sworn representations, I had absolutely no expectation whatsoever that Ms. Lewis would be on-site. In

Connie Morrow
November 5, 2007
Page 2

fact, I anticipated speaking with Truitt Johnson, the alleged owner of Jordan's Gym. Mr. Johnson is not a party to these proceedings and as far as I know, is not represented by counsel. I am not aware of any restriction that would not allow me to speak with Mr. Johnson.

Contrary to the statements in your letter, Ms. Lewis was not "forced to contact law enforcement officials for her protection." When I pulled into the parking lot of Jordan's Gym, the sheriff's patrol car was in the parking lot with the sheriff sitting in the front seat. I parked directly in front of the sheriff's patrol car to enter the premises. When I went inside, I introduced myself and stated that I was in town to meet with Linda Mosbarger the following day. At that time, your client revealed that she was Ms. Mosbarger "Lewis". I did not walk more than ten feet into the facility and did not stay inside for more than 90 seconds. Ms. Mosbarger introduced me to the manager, Susan Tinley, and stated that she was about to begin her workout. Ms. Lewis told me that the sheriff's deputy was in the parking lot because someone was stalking her. Ms. Lewis then asked me if I was stalking her. I told her that I flew in from Minneapolis that day. She then asked me to leave, which I did. However, Ms. Lewis followed me outside to talk to the sheriff's deputy. I explained to the sheriff's deputy why I was there, gave him my business card and showed him the Notice of Taking Deposition for the following day. After providing this information to the sheriff's deputy, I left. I also called you and left a message on your answering machine advising you that I had an unexpected exchange with your client.

In sum, I did not "ambush" your client. Based on your representations and your client's sworn discovery responses, I had no expectation that she would be at the facility. Second, I did not trespass on the property. I observed no signs or other indication that the facility was not open to the public. In fact, the back door was wide open. Second, when your client requested that I leave, I did so immediately. I was not in the building more than 90 seconds. It was Ms. Lewis who followed me out to the parking lot and continued the conversation with the sheriff's deputy. Third, Ms. Lewis did not contact law enforcement officials for her protection after my arrival. The sheriff's deputy was already parked in the parking lot when I arrived and Ms. Lewis merely followed me out to the parking lot to speak to the sheriff's deputy as I was leaving.

You seem to presume that I should have known Ms. Mosbarger would be at Jordan's Gym on the date and time that I went there. This would only be accurate if I presumed that your client's sworn representations and statements were untruthful. It is not insignificant that your letter is written from the perspective that I should have known that your client was lying about her involvement in Jordan's Gym. To the contrary, I took her statements at face value.

Very truly yours,

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By
Michael R. Gray

cc:    Kevin Ayers, General Counsel
       Jason Stover, Esq.
GP:2285306 v1

# EXHIBIT C



$001.99⁰

PITNEY BOWES

02 1P
0003350275 NOV 14 2007
MAILED FROM ZIP CODE 36106

Michael R. Gray
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota    55402

7003 3110 0003 7320 7580

* U. S. District Court
Middle District of Alabama
Att: Ms. Debra P. Hackett,
Clerk of Court
P. O. Box 71
Montgomery, Alabama    36101



7006 3450 0000 3378 9496

U. S. District Court
Middle District of Alabama
Att: Ms. Debra P. Hackett,
Clerk of Court
P. O. Box 71
Montgomery, Alabama   36101

Julie Ferrell
c/o Michael R. Gray, Esquire
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota   55402



CERTIFIED MAIL

7003 3110 0003 7320 7573

UNITED STATES POSTAGE $001.990
PITNEY BOWES
02 1P
0003350275 NOV 14 2007
MAILED FROM ZIP CODE 36106

AIR FORCE ONE

U. S. District Court
Middle District of Alabama
Att: Ms. Debra P. Hackett,
Clerk of Court
P. O. Box 71
Montgomery, Alabama   36101

Kevin Ayers
c/o Michael R. Gray, Esquire
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota    55402

# EXHIBIT D

AO 440  (Rev. 8/01) Summons in a Civil Action

## UNITED STATES DISTRICT COURT

_Middle District_      District of _Alabama_

_Curves International, Inc._
_Plaintiff,_
v.

**SUMMONS IN A CIVIL ACTION**

_Linda S. Mosbarger,_
_Defendant._

CASE NUMBER:   _2:07cv 807-MHT_

TO: (Name and address of Defendant)

_Michael Gray_
_500 IDS Center, 80 8th Street_
_Minneapolis, MN 55402_

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

_Grainger Legal Services_
_Atty. Connie Morrow_
_4920 Carmichael Court North_
_Montgomery, AL 36106_

an answer to the complaint which is served on you with this summons, within ____20____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_Debra P. Hackett_

CLERK

(By) DEPUTY CLERK

_11/6/2007_

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                              *Signature of Server*

                                        _____
                                                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



U. S. DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

FILED

NOV 12 2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RECEIVED

2007 NOV 14 P 4:01

___ ___ ES INTERNATIONAL, INC.,   )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CASE NO.  2007-CV-807-MHT
                                    )
                                    )        **JURY TRIAL REQUESTED**
                                    )
LINDA S. MOSBARGER,                 )
                                    )
        Defendant.                  )

## AMENDED ANSWER-COUNTERCLAIM

COMES NOW the DEFENDANT, LINDA S.MOSBARGER, nee LINDA S.

LEWIS, comes through undersigned counsel and amends the ANSWER of October 10,

2007, to add a COUNTERCLAIM and additional parties, as follows:

## COUNTERCLAIM

## JURISDICTION & PARTIES

1. The Counterclaimant LINDA S. LEWIS, is an individual in this action.

However, she is organized under the laws of Alabama and doing business under two

different LLCs, Alabama corporations: NATURAL BEAUTY GARDEN CENTER,

LLC, and POSSUM TROT PROPERTIES, LLC, both of which operate in Elmore

County, Alabama.

# EXHIBIT E



500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796
MAIN: 612.632.3000
FAX: 612.632.4444

MICHAEL GRAY
ATTORNEY
DIRECT DIAL: 612.632.3078
DIRECT FAX: 612.632.4078
MIKE.GRAY@GPMLAW.COM

December 11, 2007

Connie J. Morrow, Esq.                          **VIA FACSIMILE & U.S. MAIL**
Grainger Legal Services, LLC
4220 Carmichael Ct., N.
Montgomery, AL 36106

    Re:   <u>Curves International, Inc. v. Linda S. Mosbarger (Lewis)</u>
            Our File No. 115750

Dear Ms. Morrow:

      Now that the Court has determined that your client is "an owner and operator of Jordon's Gym" and that "Curves International is likely to succeed on it's breach of contract claim," it is clear that this litigation was not the result of some mistake or misunderstanding, but the deceptive and wrongful actions of your client. As such, your tactic of making unfounded and unprofessional claims against myself, Kevin Ayers and Julie Ferrell has put you at substantial risk with Judge Thompson, who confirmed that the testimony you elicited from your client was "willfully misleading." Prior to filing a motion to dismiss and for violation of Rule 11, I am requesting that you immediately dismiss the "Counterclaims" against all individuals. Consider this your notice and opportunity to respond under Rule 11 (c).

      In addition to the lack of factual or legal support for the Counterclaims against the individuals, it appears that you believe you can add individual "adverse parties" under the auspices of a "Counterclaim". None of the individuals are named plaintiffs or have asserted claims against your client. In addition, it appears that you believe you can serve individual "adverse parties" via Certified Mail through me. Kevin Ayers and Julie Ferrell are Texas and Alabama residents, respectively. I have not appeared on their behalf in this action and I do not represent them individually. As such, I would appreciate it if you would provide with the legal authority for your apparent belief that you have properly initiated any legal proceedings against myself, Kevin Ayers or Julie Ferrell, or properly served any such claims.

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
A FULL-SERVICE LAW FIRM
MINNEAPOLIS, MN • ST. CLOUD, MN • WASHINGTON, DC
WWW.GPMLAW.COM

Connie J. Morrow, Esq.
December 11, 2007
Page 2


If you fail to dismiss the individual "adverse parties" immediately and hereafter take any adverse actions against myself, Kevin Ayers or Julie Ferrell under the current procedural posture, you do so at your own peril.

Very truly yours,

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By
Michael R. Gray

cc:    Roger Schmidt, Senior Vice President & Chief General Counsel
Kevin Ayers, General Counsel
Jeff Burchfield, Esq.
Joe Carlisle, Esq.
Jason Stover, Esq.
Julie Ferrell
Chuck Grainger, Esq.

GP:2297021 v1