UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curves International, Inc.,<br><br>                  Plaintiff,<br><br>vs.<br><br>Linda S. Mosbarger,<br><br>                  Defendant | Case Action No. 2007-CV-807-MHT<br><br>**MICHAEL GRAY, KEVIN AYERS, AND JULIE FERRELL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

**I.    INTRODUCTION**

Defendant Linda Mosbarger's "counterclaim" against Michael Gray, Kevin Ayers, and Julie Ferrell displays a remarkable disregard for the Federal Rules of Civil Procedure. Neither Gray, Ayers, nor Ferrell has asserted any claims against Mosbarger in this action. Nevertheless, Mosbarger has purported to make claims against these individuals as "adversarial parties" by filing a "counterclaim" against them. (See Counterclaim at ¶ 3). Mosbarger also failed to properly serve these individuals, instead purporting to accomplish service by mailing three copies of her "counterclaim" to Michael Gray, as counsel for Curves International in this case. At the time, Mr. Gray had not agreed to represent Mr. Ayers or Ms. Ferrell with respect to this action in their individual capacities, and had certainly not agreed to accept service on their behalf. Nor have any of the individuals agreed to accept service by certified mail, rather than by the personal service required by the Federal Rules.

Even if Mosbarger had complied with basic procedural requirements, it is clear that the claims she asserts lack merit. Mosbarger's "counterclaim" against Gray, Ayers, and Ferrell consists of a rambling narrative of Mosbarger's alleged grievances, culminating in several

1

supposed "criminal trespasses" that occurred at Jordan's Gym. In reality, the conduct upon which Mosbarger's claims are based represents no more than a routine factual investigation conducted by a Curves International employee and counsel and a normal attempt to serve Mosbarger with the Complaint filed in this matter. Mosbarger has taken these ordinary events and transformed them into a tale of assault, criminal mischief, and trespass. As the Court noted during the Preliminary Injunction hearing, it need not give credence to Mosbarger's unsupported and inconsistent claims. Mosbarger's "counterclaim" should be dismissed as to "adversarial parties" Gray, Ayers, and Ferrell.[1]

## II.   FACTUAL BACKGROUND

On November 26, 2007, defendant Michael Gray received three packages sent via certified mail. (Affidavit of Michael Gray ("Gray Aff."), at Ex. C and D). Those packages were addressed to Michael Gray, Kevin Ayers, and Julie Ferrell, and each contained a copy of a handwritten Summons and the "Amended Answer-Counterclaim." (Docket No. 30).[2] The packages addressed to Ayers and Ferrell were sent "care of" Michael Gray to Mr. Gray's business address. The envelopes had a return address from the District Court, apparently attempting to make it look like the packages were sent from the Court, when clearly they came from Attorney Morrow. (Gray Aff. at Ex. C and D). The packages contained no cover letter or other explanation. At the time that pleading was sent, however, Mr. Gray did not represent either Ayers or Ferrell in their individual capacity. Nor had Mr. Gray consented to accept service on their behalf, or agreed to accept service of any initial pleading by certified mail. (Gray Aff., ¶

---

[1] Mosbarger also purports to name "Curves' Alabama Process Server" and various "fictitious parties" as defendants to this action. To third-party defendants' knowledge, those individuals have not yet been served with a copy of the counterclaim.
[2] Strangely, the words "Amended Answer and" were stricken and initialed by Attorney Connie Morrow.

2

6).[3] Mosbarger has not attempted to personally serve either Gray, Ayers, or Ferrell with her Amended Answer-Counterclaim.

The Amended Answer-Counterclaim asserts numerous claims against Curves International, but only a single claim against Gray, Ayers, and Ferrell. Specifically, the Amended Answer-Counterclaim asserts a claim for "Criminal Trespass" against the individuals. (Counts I-IV). The remainder of Mosbarger's allegations are directed against Curves International or against an unidentified process server, who has not yet been served with that pleading.

Individuals cannot, of course, be added as defendants in a lawsuit simply by filing a "counterclaim" against them. Michael Gray advised Mosbarger's counsel of that deficiency in a letter demanding dismissal dated December 11, 2007. (Gray Aff., Ex. E). In that letter, Gray advised Mosbarger's counsel that Mosbarger's Amended Answer-Counterclaim failed to comply with the Federal Rules of Civil Procedure. That letter also informed counsel that the pleading had not been properly served, and that its allegations against defendants Gray, Ayers, and Ferrell were without merit. For that reason, the letter requested that Mosbarger's counsel dismiss the claims against the individuals or face a motion for sanctions under Rule 11. (Gray Aff., Ex. E)

Unfortunately, Mosbarger has refused to dismiss the claims against Gray, Ayers and Ferrell or take any steps to rectify the deficiencies identified in the December 11 letter. Leaving aside the procedural deficiencies, the conduct alleged by Mosbarger in her Amended Answer-Counterclaim fails to state a claim upon which relief can be granted under Alabama law. For those reasons, Mosbarger's ill-advised pleading must be dismissed as to Gray, Ayers and Ferrell.

---

[3] As counsel for Curves International, Gray has always represented Ayers and Ferrell in their corporate capacities. Mosbarger's Amended Answer-Counterclaim asserts claims against those defendants not in their corporate capacities, but as individuals. Because of their employment status, Gray represents them in their individual capacity for the limited purpose of this Motion to Dismiss.

### III.   ARGUMENT

**A.   Mosbarger's Pleading Fails to Comply with the Federal Rules of Civil Procedure.**

Gray, Ayers, and Ferrell have not asserted any claims against Mosbarger in this action. Accordingly, there is simply no basis in the Federal Rules of Civil Procedure for Mosbarger to assert a "counterclaim" against those individuals. Rule 13 of the Federal Rules of Civil Procedure makes clear that a counterclaim may only be brought against a party that has itself previously asserted a claim for relief against the defendant. Pursuant to Rule 13(h), a party seeking to add an additional party to a case must comply with the strictures of Rule 19 and Rule 20. If Mosbarger wishes to bring a claim against new parties, she must seek to join them subject to this Court's prior approval. Mosbarger has not made any attempt to seek joinder of additional parties under Rules 19 or 20, or explain why her claims alleged against the individuals should be heard by this Court as part of Curves' breach of contract claims against her.

Nor could Mosbarger's alleged claims against the individuals be deemed a third-party complaint under Rule 14. Under that Rule, a third-party action may be commenced against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." F. R. Civ. P. 14(a). Unquestionably, Gray, Ayers and Ferrell are not liable to Mosbarger for any part of Curves' claims against Mosbarger. In addition, even if Mosbarger's "Counterclaim" was an attempt to serve a third-party complaint, it was untimely. A third-party complaint must be served within ten days after serving the original answer. Any attempt to serve a third-party complaint thereafter must be with leave of court. Fed. R. Civ. P. 14(a). In this case, Mosbarger filed and served her Answer on October 10, 2007 (Docket No. 16). Her alleged Counterclaim against the individuals was filed

over a month later on November 12, 2007 (Docket No. 30).  Consequently, even if Mosbarger took the position that her "Counterclaim" was a third-party complaint, it was untimely and without leave of court.

Mosbarger's failure to bring a cognizable form of action against the individuals is alone sufficient to warrant dismissal of her pleading.

**B.     Mosbarger Failed to Properly Serve her Amended Answer-Counterclaim**

No matter how she styles her pleading, Mosbarger also has not properly served it on Gray, Ferrell, or Ayers.  That pleading should thus be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) due to insufficiency of service of process.  Mosbarger bears the burden of proving that she properly served her pleading on these defendants, in accordance with the requirements of the Federal Rules.  *See Prewitt Enterprises, Inc. v. Organization of the Petroleum Exporting Countries*, 224 F.R.D. 497, 501 (N.D. Ala. 2002) ("On a motion to dismiss for insufficiency of service under rule 12(b)(5), the plaintiff bears the burden of establishing the validity of process").  The proof of service submitted by Mosbarger confirms, however, that her attempted service was improper.

As proof of service, Mosbarger has filed with this Court three certified mail receipts.  Those receipts show that three packages containing a Summons and the Amended Answer-Counterclaim were sent to Michael Gray at Mr. Gray's business address.  In fact, the receipts for the packages sent to Ayers and Ferrell show that they were sent "care of" Michael Gray.  This Court need look no further than the faces of those receipts to see that service of those documents was improper.

The Federal Rules of Civil Procedure do not permit an initial pleading such as the Amended Answer-Counterclaim to be served by certified mail. Rule 4(e)(2) provides that an individual residing in the United States may be served by:

(A)   delivering a copy of the summons and of the complaint to the individual personally;

(B)   leaving a copy of each at the individuals' dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Nothing in that Rule suggests that service may be made simply by mailing a pleading to an individual or that individual's purported agent.

Rule 4(d) does permit service to be made by mail, but only upon the defendants' express consent to such alternative service. Mosbarger never made any effort to obtain such consent. In addition, Rule 4(e)(1) permits service to be made by "following state law for serving a summons." Under Alabama's Rules of Civil Procedure, service by certified mail is permitted only if the clerk of court mails the required documents, not if a litigant does so. *See* Alabama Rules of Civil Procedure, Rule 4(i)(2). Although Attorney Morrow tried to make it look like the package came from the Clerk of Court[4], it was clearly not sent from the District Court. (Gray. Aff. at ¶ 5, Ex. C and D). Moreover, nothing in the record suggests that Ayers or Ferrell ever authorized Michael Gray to accept service on their behalf. Nor did Gray represent Ayers or Ferrell in their individual capacities at the time this pleading was mailed. Mosbarger's attempted service via certified mail fails, and her claims should be dismissed accordingly.

---

[4] Query whether impersonating the Clerk of Court and sending documents under the guise of the United States District Court is proper or ethical under any circumstances.

### C. Mosbarger's Claim for Criminal Trespass Fails to State a Claim Upon Which Relief Can be Granted

The only claim brought against Gray, Ferrell, and Ayers is a claim for "criminal trespass." (Counts I-IV). While Mosbarger's pleading is not a model of clarity, it appears that claim is based on an allegation that Ferrell trespassed at the location of Jordan's Gym when she took the photographs that are attached to the affidavit she submitted in support of Curves' motion for preliminary injunction. (Docket No. 1) Similarly, Mosbarger alleges that Gray trespassed at the location of Jordan's Gym by visiting that business during business hours on the day before Mosbarger's deposition. The Amended Answer-Counterclaim does not contain *any* specific allegation against Ayers, providing him with no guidance as to the precise conduct that supposedly constitutes an unlawful trespass on his part.[5] In any event, Mosbarger's own description of the incidents at issue confirms that no actionable misconduct has occurred.

A motion under Rule 12(b)(6) is proper to test the legal sufficiency of a pleading. *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557 (M.D. Ala. 1996). To state a valid claim for relief, a plaintiff must "allege more than labels and conclusions; his complaint must include factual allegations adequate to raise a right to relief above the speculative level." *Financial Security Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). "Moreover, while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements

---

[5] The Amended Answer-Counterclaim does not allege that Ayers has ever visited Jordan's Gym or otherwise had any contact with Mosbarger. Consequently, it is difficult to imagine how Mosbarger could allege a criminal trespass claim against Ayers consistent with Rule 11.

7

necessary to sustain a recovery under some viable legal theory." *Id.* at 1282-83. Here, it is apparent that the facts alleged by Mosbarger, even if true, do not give rise to liability.[6]

At the outset, it bears noting that Mosbarger does not have standing to pursue a claim for "criminal trespass" against anyone. To the extent a crime was committed, that matter must be prosecuted, if at all, either by state or county officials. Mosbarger's Amended Answer-Counterclaim does not provide any legal authority to support her position that she can enforce a criminal statute. Mosbarger's attempt to bring a claim for trespass also blatantly contradicts her repeated claims that she does not own Jordan's Gym. During the hearing on Curves' motion for preliminary injunction, Mosbarger testified that she does not have an ownership interest in Jordan's Gym and leased the physical premises to Truitt Johnson. If that testimony is to be believed, then Mosbarger cannot plausibly claim that she has standing to commence an action against the individuals for trespass, as Mosbarger does not have the right to physical possession of the property on which the trespass allegedly occurred.

Even more troubling is Mosbarger's complete failure to allege conduct that rises to the level of trespass under Alabama law. Section 13A-7-4[7] of the Alabama Code provides that "a person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises." *See also Peeples v. City of Montgomery*, 506 So.2d 366, 367 (Ala. Ct. Crim. Appeals 1987). According to Section 13A-7-1,

---

[6] Even a cursory review of Mosbarger's allegations reveals that Mosbarger has, at the least, embellished her claims. Mosbarger bases her claims in part on an "emergency assault" that occurred at Jordan's Gym on or about September 10, 2007. (Amended Answer-Counterclaim, ¶¶ 31-34). What Mosbarger describes represents no more than a normal attempt to personally serve process on a defendant. Mosbarger asks this Court to believe that the process server threw an envelope at her that contained the summons and complaint, then retrieved that envelope and sped away. It defies common sense to believe that the process server would assault Mosbarger in that fashion, then take back the very papers that individual had just served. In any event, Mosbarger's description of this incident does not state a claim upon which relief can be granted. (See also, the Affidavit of Pamela Roy, who served Mosbarger with the Complaint at Docket No. 8.)

[7] Alabama Code sections 13A-7-2 and 13A-7-3 apply to criminal trespass committed in a residential dwelling or enclosed area, respectively. Because Jordan's Gym is neither a dwelling nor an area enclosed from the general public, the only statute that could apply to Mosbarger's claims is section 13A-7-4.

8

>A person enters or remains unlawfully in or upon premises when he is not licensed, invited or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person.

As a matter of Alabama law, a person cannot commit criminal trespass if that person is privileged to enter onto the premises at issue, such as when the premises is open to the public. *See e.g. South v. City of Mountain Brook*, 688 So.2d 292, 296 (Ala. Ct. Crim. App. 1996); *Peeples*, 506 So.2d at 367.

Here, Mosbarger's own Amended Answer-Counterclaim belies her contention that an unlawful trespass occurred. If Mosbarger's pleading is to be believed, she sold Jordan's Gym and leased the property to Truitt Johnson in 2006, thus divesting herself of any ownership interest in the business or property. (Amended Answer-Counterclaim, ¶ 21). Mosbarger also readily admits that Jordan's Gym is a facility that is open to the public during business hours. As she describes the facility, it serves as a "self-serve gym for both men and women, the elderly and children, the physically and medically impaired and those who are healthy," as well as a "community center." (*Id.*, ¶ 23). By definition, of course, a "community center" is open to the public. Pursuant to Section 13A-7-1, Gray, Ferrell, or Ayers could only be trespassing if they remained on Jordan's Gym's premises after being ordered to leave either by the gym's owner or another authorized individual.

Mosbarger's Amended Answer-Counterclaim is devoid of any allegation that such an order was given to Gray, Ferrell, or Ayers. As to Ayers, Mosbarger's pleading fails to allege that he's ever been to Jordan's Gym. Clearly, no criminal trespass occurred. Similarly, with respect to Ferrell, the Amended Answer-Counterclaim does not allege that anyone in a position of

authority ordered Ferrell to leave the premises, or that the gym was not open to the public at the time Ferrell was on the premises. In the absence of such an allegation, Mosbarger fails to state a claim for criminal trespass.

Nor can Mosbarger's allegations against Gray survive. Prior to the date on which Gray visited Jordan's Gym, Mosbarger served responses to Curves' Expedited Discovery Requests. In her responses to interrogatories, Mosbarger denied that she had any ownership interest in Jordan's Gym or that she played any role in the management of that facility. She also alleged that she leased the physical property to Truitt Johnson. (Gray Aff. at ¶¶ 2-3, Ex. A). When Gray traveled to Jordan's Gym the day before Mosbarger's deposition, he had no reason to believe that Mosbarger would be present, as Mosbarger had stated unequivocally that she did not have an interest in the subject facility. Mosbarger's suggestion that Gray intentionally sought contact with her is thus unfounded, as Gray had every reason to believe that Mosbarger would *not* be at the facility. A detailed description of Mr. Gray's unexpected encounter with Mosbarger at Jordan's Gym is set forth in a letter sent to Mosbarger's counsel on November 5, 2007. (Gray Aff., Ex. B).

In paragraph 41 of the Amended Answer-Counterclaim, Mosbarger alleges that Gray entered the facility during business hours. Mosbarger then alleges that she "asked Mr. Gray to leave." (*Id.*). Again, according to Mosbarger's own pleading, discovery responses, and testimony, she does not own Jordan's Gym or work as an employee at that facility or have any right to physical possession of the property. As such, Mosbarger has no authority to demand that anyone leave the premises of the facility, a role reserved solely to Truitt Johnson or his

10

employees.[8] Nor can Mosbarger reasonably claim that Gray remained on the premises after being asked to leave. Instead, she admits that she and Gray left the building to speak to a sheriff's deputy who was parked in the gym's parking lot. According to that deputy's own report, which Mosbarger attached to her pleading, "subject was not trespassed off the property. Owner of business was not there. Subject left premises w/o further incident." Taking Mosbarger's allegations as true, it is apparent that no criminal trespass occurred. Because Mosbarger's only claim against the individuals is based on an alleged criminal trespass, Mosbarger's claims against Michael Gray, Julie Ferrell, and Kevin Ayers should be dismissed pursuant to Rule 12(b)(6).[9]

### IV.   CONCLUSION

Mosbarger's repeated failure to comply with the Federal Rules of Civil Procedure calls into question her motives in filing the Counterclaim against Gray, Ayers and Ferrell. Mosbarger failed to seek permission to join additional parties to this action, failed to properly serve any additional parties, and failed to state a viable claim for relief against them. Even after being warned that her pleading was sanctionable, Mosbarger refused to withdraw or dismiss it. Unfortunately, it appears that Mosbarger has named the individuals in an improper attempt to harass Curve's counsel and employees in an attempt to influence Curves' litigation against her, a serious abuse of process. Curves will leave it to this Court's discretion whether to sanction Mosbarger and her counsel for their conduct with respect to this pleading. At the very least,

---

[8] Mosbarger also alleges that Gray "protested" when told to leave the building. That allegation is entirely false. When asked to leave, Gray did so immediately, as noted in the November 5, 2007 letter and police report Mosbarger attaches to her Amended Answer-Counterclaim.

[9] As Mosbarger's counsel should be aware, Gray's factual investigation in this case cannot expose him to personal liability to Mosbarger. *See e.g.* T. Leigh Anenson, *Absolute Immunity from Civil Liability: Lessons for Litigation Lawyers*, 31 Pepp. L. Rev. 915, 916 (2004) (Concluding that lawyers "are absolutely immune from civil liability for statements or conduct that may have injured, offended, or otherwise damaged an opposing party during the litigation process").

11

however, Mosbarger's claims against Michael Gray, Julie Ferrell, and Kevin Ayers should be dismissed with prejudice.

Dated: December 21, 2007          **GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.**

By s/Michael R. Gray
Michael R. Gray (MN 175602)
Jason J. Stover (MN 30573X)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-3796
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

and

**JOHNSTON, BARTON, PROCTOR & ROSE**
Joseph W. Carlisle
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9458
Facsimile: (205) 458-9500
jwc@johnstonbarton.com

**ATTORNEYS FOR PLAINTIFF**

GP:2300760 V2