UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curves International, Inc.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Linda S. Mosbarger,<br><br>　　　　　　Defendant | Case Action No. 2007-CV-807-MHT<br><br>**CURVES INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Curves International, Inc. ("Curves") hereby submits this Response to Defendant Linda Mosbarger's ("Mosbarger") Motion to Reconsider. For the reasons set forth below, Curves respectfully requests that the Court deny Mosbarger's Motion and strike the Affidavits filed in support of the Motion.

### PROCEDURAL BACKGROUND

This action was commenced by Curves on September 7, 2007. On November 23, 2007, the Court conducted an Evidentiary Hearing on Curves' Motion for Preliminary Injunction. On December 5, 2007, the Court issued its ruling and Order. Approximately 16 days later, Mosbarger filed her Motion to Reconsider, along with four "Affidavits" purporting to support her Motion to Reconsider. (Docket No. 57)

### ARGUMENT

**1.　Mosbarger's Motion is Procedurally Deficient.**

Mosbarger's Motion to Reconsider fails to identify any rule or authority for the Motion or the relief sought. Presumably, since Mosbarger's Motion was not filed within the ten day time limit set forth in Rule 59(b), it must be construed as a motion for relief from judgment or order

under Rule 60(b). There is no other authority in the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Alabama that could provide authority for Mosbarger's Motion. Even then, the Motion fails to satisfy the criteria necessary under Rule 60(b) and must be denied.

2. **The Affidavits and Purported Testimony Therein Are Not Newly Discovered Evidence.**

Mosbarger's Motion to Reconsider states in part:

Based upon the Affidavits listed below filed herewith, which are respectively brought to the Court's attention based upon evidence which came to be known following the lengthy hearing the parties had on November 21, 2007, the Wednesday before Thanksgiving, when the following were either unknown or unavailable.

Mosbarger Motion to Reconsider at p. 1.

Based on this language, it appears that Mosbarger is claiming that the Affidavits and the purported testimony therein are "newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b)". Fed. R. Civ. P. 60(b)(2). However, it is clear from the face of the Affidavits that the purported testimony is not "newly discovered" and could have easily been procured with due diligence at the time of hearing.

The Affidavits are all dated November 28, 2007, seven days after the Evidentiary Hearing. "Newly discovered evidence" must have been in existence at the time of the trial, not created after the fact. Wright, Miller & Kane, Federal Practice and Procedure: Civ.2d § 2859 n. 4; Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128 (D.C.N.Y 2000) (affidavits of plaintiff's experts were not newly discovered evidence when submitted after judgment was entered against plaintiff); Hall v. Daka Int'l, Inc., 172 F.R.D. 19 (D.C.N.Y. 1997) (affidavit

2

submitted after judgment entered was not newly discovered evidence that would entitle her to relief from judgment when she was aware of the affiant's existence prior to judgment).

In this case, Mosbarger was aware of the existence of each affiant prior to the date of the hearing on November 23, 2007. In fact, Mosbarger herself testified as to the existence and identity of her former landlords Robert and Elaine Golden, as well as Marilyn Fisher's participation in classes at Jordan's Gym. Mosbarger cannot create "newly discovered evidence" by drafting Affidavits of individuals after the fact. Mosbarger was aware of the Evidentiary Hearing weeks in advance and could have produced these individuals at the hearing where they would be subject to cross-examination and credibility assessment by the Court. Because these Affidavits are not "newly discovered", they cannot support a motion for relief from the Order under Rule 60(b).

3. **The Content of the Affidavits Is Duplicative and Would Not Change the Result.**

In order for the Court to reconsider its ruling, Mosbarger must demonstrate that the evidence is not merely cumulative and would have changed the outcome of the hearing. Wright, Miller & Kane, Federal Practice and Procedure: Civ.2d § 2859, n. 8; Toole v. Baxter Healthcare Corp., 235 F.3d 1307 (11th Cir. 2000) (District Court did not abuse its discretion in denying a new trial when newly discovered scientific evidence was cumulative of evidence considered at trial). In this case, the Affidavits submitted by Mosbarger add nothing new or different to the testimony of Mosbarger herself at the Evidentiary Hearing on November 23, 2007. Mosbarger has failed to demonstrate that the alleged testimony would have changed the outcome of the hearing. As such, Mosbarger has failed to carry her burden under Rule 60(b) and her Motion must be denied, and the Affidavits stricken from the record.

**CONCLUSION**

Based upon the foregoing, Curves respectfully requests that the Court deny Mosbarger's Motion to Reconsider and strike the Affidavits filed in support thereof.

Dated: January 2, 2008

**GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.**

By  s/Michael R. Gray
   Michael R. Gray (MN 175602)
   Jason J. Stover (MN 30573X)
   500 IDS Center
   80 South Eighth Street
   Minneapolis, Minnesota 55402-3796
   Telephone: (612) 632-3000
   Facsimile: (612) 632-4444
   mike.gray@gpmlaw.com
   jason.stover@gpmlaw.com

and

**JOHNSTON, BARTON, PROCTOR & ROSE**
Joseph W. Carlisle
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9458
Facsimile: (205) 458-9500
jwc@johnstonbarton.com

**ATTORNEYS FOR PLAINTIFF**

GP:2308121 V1