UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curves International, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>Linda S. Mosbarger,<br><br>    Defendant | Case Action No. 2007-CV-807-MHT<br><br>**MICHAEL GRAY, KEVIN AYERS, AND JULIE FERRELL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS** |

**I. INTRODUCTION**

Michael Gray, Kevin Ayers, and Julie Ferrell (the "Individual Defendants[1]") do not take lightly a request for Rule 11 Sanctions against Linda Mosbarger and her counsel (Connie Morrow). The Individual Defendants would far prefer that Mosbarger and Morrow simply stop attempting to make them parties in this action. Unfortunately, Mosbarger and Morrow have refused to amend their Answer-Counterclaim and have now petitioned this Court for leave to add the Individual Defendants as "indispensable parties." (Doc. No. 67)

It has become regrettably clear that Mosbarger and Morrow will not voluntarily halt their unfounded attempt to add the Individual Defendants to this action. An award of sanctions is proper based on their conduct to date and necessary to deter Mosbarger and Morrow from proceeding with their frivolous claims.

**II. FACTUAL BACKGROUND**

The Individual Defendants received Mosbarger's Amended Answer-Counterclaim on November 26, 2007. (Affidavit of Michael Gray ("Gray Aff."), ¶ 2). On December 11, 2007,

---
[1] By identifying Gray, Ayers and Ferrell as "Individual Defendants", they in no way admit that they are properly before the court or that Mosbarger has stated any viable claim against them.

1

Gray wrote to Morrow advising her that the Amended Answer-Counterclaim was seriously deficient under the Federal Rules of Civil Procedure. (Gray Aff., Ex. A). Gray informed Morrow that the Amended Answer-Counterclaim was procedurally improper, had not been properly served, and failed to state a viable claim for relief. Accordingly, Gray asked Morrow to dismiss the Amended Answer-Counterclaim as to the Individual Defendants or face a Motion for Sanctions under Rule 11 (Id).

When Morrow refused to amend or withdraw that pleading, the Individual Defendants filed a Motion to Dismiss the Amended Answer-Counterclaim due to its numerous procedural and substantive deficiencies, along with a Memorandum of Law in support of that motion on December 21, 2007. (Doc. Nos. 52, 53, and 54) The Individual Defendants will not repeat here the arguments set forth in those pleadings. Instead, the Individual Defendants incorporate herein by reference the arguments set forth in the Motion to Dismiss.

On the same day they filed their Motion to Dismiss, the Individual Defendants also served on Morrow a Motion for Sanctions under Rule 11, as they had warned Morrow they would do. (Gray Aff., Ex. B). In the cover letter accompanying the Motion for Sanctions, the Individual Defendants stated that they would file the motion unless Mosbarger and Morrow voluntarily withdrew the Amended Answer-Counterclaim with respect to the Individual Defendants within twenty-one days. Rule 11(C)(1)(A) Mosbarger and her counsel ignored the request and refused to withdraw their improper pleading. (Gray Aff., Ex. B) On January 3, 2008 the Court ordered the Motion to Dismiss be set for Submission by January 22, 2008 (Doc. No. 61).

Mosbarger and Morrow failed to file any response to the Motion to Dismiss. Instead, Mosbarger apparently spoke to the Court and stated that she did not oppose the Motion to

2

Dismiss, while at the same time filing a new Motion to Add Gray, Ayers, and Ferrell as Indispensable Parties on January 23, 2008. (Doc. No. 67.)[2] That motion does not respond to any of the substantive arguments in the Individual Defendants' Motion to Dismiss. Nor does that motion provide any factual or legal basis to suggest that the Individual Defendants are "indispensable" for the complete relief of those already parties to the action. Rule 19(a). Mosbarger's motion does, however, implicitly concede that the Individual Defendants were not properly before the Court as Counterclaim Defendants. Acknowledging this fact, the Court issued a Judgment dismissing the Individual Defendants with prejudice on January 25, 2008. (Doc No. 74) However, Mosbarger and Morrow continue to attempt to drag the Individual Defendants into this case under the guise of the motion to add them as "indispensable parties." (Doc. No. 67) Mosbarger's continued efforts to name the Individual Defendants as individual parties in this action despite overwhelming evidence that such claims are frivolous has left the Individual Defendants no alternative but to seek an award of sanctions against Morrow and Mosbarger for their past conduct and to deter such frivolous pleading in the future.

### III.  ARGUMENT

A.  <u>Mosbarger and Morrow's decision not to withdraw the Amended Answer-Counterclaim with respect to the Individual Defendants is sanctionable under Rule 11</u>.

In the six weeks since the Individual Defendants first brought the defects in the Answer-Counterclaim to the attention of Mosbarger and her counsel, they have taken no action to rectify those deficiencies. By seeking leave to add the Individual Defendants as "indispensable parties", she attempts to sidestep the substantive deficiencies identified in the Motion to Dismiss while keeping the Individual Defendants in the case. Rule 11 is designed to respond to such frivolous

---

[2] The Court's Judgment indicates that Morrow advised the Court orally that she "does not contest the Motion to Dismiss Counterclaim …" (Doc. No. 74) At the same time Mosbarger and Morrow filed the motion to add the Individual Defendants as "Indispensable Parties," thus subjecting them to additional frivolous claims.

3

litigation tactics. *See Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses").

Rule 11(b) imposes certain requirements on counsel with respect to the pleadings and other papers they submit to the court. In relevant part, that rule provides that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11(c) provides that a motion for sanctions must be served 21 days before it is filed, to provide a safe harbor in which opposing counsel may withdraw the pleading at issue.

There can be no dispute that the Individual Defendants provided Morrow with the 21 day advance notice required by Rule 11(c). The Individual Defendants first identified the deficiencies in the Amended Answer-Counterclaim through a letter dated December 11, 2007, in which they warned that they would bring a motion for sanctions under Rule 11 unless the Amended Answer-Counterclaim was withdrawn. (Gray Aff., at Ex. A) When Morrow failed to respond to that letter, the Individual Defendants then served a copy of their Rule 11 Motion on Morrow on December 21, 2007. In their cover letter to counsel, the Individual Defendants explained that they would file their motion with this Court unless Morrow withdrew the Amended Answer-Counterclaim against the Individual Defendants within 21 days. (Id) Morrow did not respond and did not withdraw her deficient pleading. The Individual Defendants have complied with the procedural requirements of Rule 11(c).

4

It is further apparent that the substantive requirements for the imposition of sanctions under Rule 11 are present in this case. This Court has discretion to determine whether a pleading violates the strictures of Rule 11. *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte*, 141 F.3d 1434, 1447-48 (11th Cir. 1998).

Courts in the Eleventh Circuit have found Rule 11 sanctions appropriate for three distinct types of conduct:

(1) When a party files a pleading that has no reasonable factual basis;

(2) When a party files a pleading that is based on a legal theory that has no reasonable chance of success and does not represent a reasonable argument to modify existing law; and

(3) When a party files a pleading for an improper purpose.

*Didie*, 988 F.2d at 1104; *accord Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). Stated another way, "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts." *Riccard*, 307 F.2d at 1294.

> The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. (citation omitted) A court must follow a two part test: (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. …A litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.

*Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F.Supp.2d 1256, 1266 (N.D.Ala. 2006), citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Circuit 1998) and *Ruszala v. Walt Disney World Co.*, 32 F.Supp.2d 1347, 1352 (M.D.Fla. 2000). The Individual Defendants

5

believe that Mosbarger and Morrow have persisted in advancing meritless claims against them for an improper purpose, namely to try to force Curves to drop its own claims against Mosbarger. But even without such an improper motive, it is apparent that the Amended Answer-Counterclaim lacks any reasonable factual basis and is based on a legal theory that has no reasonable chance of success.

      B.    <u>Mosbarger's claims are objectively frivolous and Morrow should have been aware of that fact</u>.

In determining whether sanctions should be imposed, this Court must consider whether Mosbarger's claims are objectively frivolous and whether Morrow should have been aware that they were frivolous. *Rueter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 440 F.Supp.2d 1256, 1266 (N.D. Ala. 2006); *Gilmore v. Day*, 125 F. Supp. 2d 468, 473 (M.D. Ala. 2000). "Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Here, no reasonable attorney could have reviewed the Alabama criminal trespass statute and concluded that Mosbarger had a viable claim for relief based on the facts pled in the Amended Answer-Counterclaim. No conduct even arguably constituting trespass occurred in this case. But even if such conduct had occurred, Mosbarger plainly does not have standing to enforce a criminal statute. Morrow has never offered any legal authority to support Mosbarger's claim for civil damages under a criminal trespass statute, or explained how Mosbarger can recover damages for an alleged trespass that occurred at a business she does not own on property that she does not possess. No reasonable attorney could overlook such basic impediments to relief.

6


C. <u>Mosbarger and Morrow continued to advocate frivolous claims after learning that they have no merit</u>.

Even if Morrow did not initially realize the deficiencies in the pleading she signed, she certainly learned of those deficiencies when the Individual Defendants sent her a letter on December 11 and later served their Motion to Dismiss and Motion for Sanctions on December 21. Those two communications identified the precise deficiencies in the Amended Answer-Counterclaim, including the impossibility of Mosbarger asserting a claim for criminal trespass. The Individual Defendants complied with the notice requirements of Rule 11(c) and gave Mosbarger and Morrow an opportunity to withdraw the claims. Unfortunately, Mosbarger and Morrow were not deterred by the prospect of a sanctions motion. They refused to withdraw Mosbarger's claims against the Individual Defendants, thus forcing the Motion to Dismiss. Then when it became clear that they had no defense to the Motion to Dismiss, they told the Court that they did not oppose the Motion to Dismiss, while at the same time filing a Motion to add the Individual Defendants and a fourth defendant as Indispensable Parties. (Doc. No. 67) Sanctions are necessary to compensate Curves for the costs incurred in dealing with such gamesmanship and to deter Morrow and Mosbarger from continuing to assert claims with no realistic possibility of success and for the sole purpose of harassing Curves, its employees and counsel.

Rule 11 makes the award of sanctions mandatory upon a proven violation. *See Didie*, 988 F.2d at 1104 ("Under Rule 11, a district judge 'shall' or *must* impose sanctions for a violation") (emphasis in original). While this Court has discretion to fashion an appropriate sanction, "the sanctions most commonly imposed are costs and attorneys' fees." *Riccard*, 307 F.3d at 1295. Curves and the Individual Defendants ask for sanctions in the amount of the attorneys' fees and costs they have incurred in responding to the Amended Answer-Counterclaim, preparing and filing the Motion to Dismiss as well as in preparing this Motion for

7

Sanctions. Curves is prepared to submit by affidavit evidence of the attorneys' fees and costs incurred.

IV. CONCLUSION

No basis exists for Mosbarger's continued persecution of the Individual Defendants. No reasonable attorney could believe that the factual allegations contained in the Amended Answer-Counterclaim supported a claim for criminal trespass under Alabama law. When the Individual Defendants called this to the attention of Morrow, she refused to withdraw the pleading, forcing the Individual Defendants to file a Motion to Dismiss. When Mosbarger and Morrow failed to respond and did not contest the Motion to Dismiss, they shifted their efforts to accomplish the same objective by moving to add the Individual Defendants as indispensable parties to this action. Rule 11 was designed to address this precise type of abuse of the legal system. This Court should sanction Morrow and/or Mosbarger for their past and continued assertion of frivolous claims that lack evidentiary or legal support.

Dated: January 25, 2008

        **GRAY, PLANT, MOOTY,**
         **MOOTY & BENNETT, P.A.**


By   *s/Michael R. Gray*
    Michael R. Gray (MN 175602)
    Jason J. Stover (MN 30573X)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-3796
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

and

**JOHNSTON, BARTON, PROCTOR & ROSE**
Joseph W. Carlisle
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama  35209
Telephone:  (205) 458-9458
Facsimile:  (205) 458-9500
jwc@johnstonbarton.com

**ATTORNEYS FOR PLAINTIFF**

GP:2319330 v2

9