UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curves International, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Linda S. Lewis, <br><br> Defendant | Case Action No. 2007-CV-807-MHT <br><br> **PLAINTIFF CURVES INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO ADD INDISPENSABLE PARTIES** |

## I.    INTRODUCTION

Defendant Linda S. Lewis' Motion to Add Indispensable Parties ignores both the Federal Rules of Civil Procedure and this Court's Order granting Curves International, Inc.'s ("Curves") Motion to Dismiss Lewis' Amended Answer-Counterclaim. On January 25, 2008, this Court dismissed with prejudice Lewis' Amended-Answer Counterclaim with respect to Michael Gray, Kevin Ayers, and Julie Ferrell. Even had this Court not reached that conclusion, however, Lewis has not explained how the individuals are indispensable to the resolution of the claims presented by this case.

## II.    ARGUMENT

A.    **This Court's Previous Order Bars Lewis' Motion**

In their Motion to Dismiss the Amended Answer-Counterclaim, Gray, Ayers, and Ferrell raised substantive objections to the proposed claims against them. Those substantive objections apply equally to Pamela Roy, as the claims Lewis seeks to assert against all four individuals fail to state a claim upon which relief can be granted under Alabama law. Lewis failed to respond to the Motion to Dismiss, thus avoiding the obligation to substantiate her proposed claims against

1

the individual defendants. In fact, Lewis has never provided Curves or the Court with any legal authority to support the claims against the individuals.

By granting the Motion to Dismiss, the Court foreclosed Lewis' claims against the individual defendants. This Court made clear that the dismissal of Gray, Ayers, and Ferrell was *with prejudice*. (Docket No. 74) The same logic applies to Pamela Roy, as Lewis' claims against Ms. Roy are identical to her claims against Gray, Ayers, and Ferrell. The Court's ruling should prevent Lewis from side-stepping via the subsequent "Motion to Add." By failing to respond to the Motion to Dismiss, Lewis has conceded that she does not have any substantive support for her claims. The Motion to Add should be denied.

**B.     The Proposed Individuals are not Indispensable**

Lewis' Motion to Add is premised on the idea that Gray, Ayers, Ferrell, and Roy are "indispensable" to resolution of Curves' claims against her. However, Lewis' Motion does not explain how those individuals are indispensable. The claims that Lewis seeks to assert against the individuals have nothing at all to do with the claims brought by Curves, which arise under Lewis' franchise agreement. Similarly, Lewis' counterclaim against Curves arises out of that same franchise relationship.

Rule 19(a) makes clear that joinder of an individual is required only if "in that person's absence, the court cannot accord complete relief among existing parties" or the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple,

or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)  Lewis' only explanation as to why the individuals must be added is:

> In order to be fully equipped to properly defend this apparent vindictive and substance lacking action which has misrepresented the situation to this Honorable Court from the initial date of filing, to seeking expedited discovery prior to the Plaintiff being represented by legal counsel, to perhaps criminal, and at the least improper, conduct being perpetrated against the Defendant in order to intimidate this small-time business woman, or at least rattle her prior to the November 21, 2007, injunction hearing.

(Motion, p. 2).

This narrative does not offer any rational basis to conclude that the individuals are necessary as parties to this action under Rule 19.  It appears that Lewis seeks to add the four individuals as part of her effort to defend against Curves' claims.  An individual need not, of course, be added as a party for Lewis to obtain evidence from that individual or call that individual as a witness.  This Court can certainly decide Curves' claims against Lewis and Lewis' claims against Curves without joining Curves' counsel, Curves' employees, and Curves' process server as defendants.  Nor is joinder required to protect the individuals' interests.  The four individuals have no interest whatsoever in the outcome of the underlying litigation, as that litigation involves primarily claims for breach of a contract to which the individuals are not parties.   Lewis has not identified a single reason why joinder is required for the underlying case to proceed.

While Lewis also cites Rules 18 and 22, nothing in those rules supports her Motion.  Rule 18 deals solely with joinder of multiple claims against a single party in one action.  Rule 22 provides for interpleader of an additional party where a defendant is exposed to similar liability from that party.  Those situations simply do not exist here.

### III. CONCLUSION

Unfortunately, Lewis and her counsel continue to disregard the Federal Rules of Civil Procedure. While Lewis cites various rules that generally discuss the topic of joinder, she fails to offer any argument to support her claim that joinder is appropriate under these facts. Lewis' Motion to Add should be denied.

Dated: January 30, 2008

**GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.**

By s/Michael R. Gray
    Michael R. Gray (MN 175602)
    Jason J. Stover (MN 30573X)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-3796
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
jason.stover@gpmlaw.com

and

**JOHNSTON, BARTON, PROCTOR & ROSE**
Joseph W. Carlisle
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9458
Facsimile: (205) 458-9500
jwc@johnstonbarton.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the following:

- Plaintiff's Memorandum of Law in Opposition to Motion to Add Indispensable Parties

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Connie Morrow
Charles E. Grainger, Jr.
cmorrow@graingerlegal.com
cgrainger@mindspring.com

Dated:  January 30, 2008  **GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.**


By  s/Michael R. Gray
   Michael R. Gray (MN 175602)
   Jason J. Stover (MN 30573X)
   500 IDS Center
   80 South Eighth Street
   Minneapolis, Minnesota 55402-3796
   Telephone:  (612) 632-3000
   Facsimile:  (612) 632-4444
   mike.gray@gpmlaw.com
   jason.stover@gpmlaw.com

GP:2322058 V2